*W. G. Woodward* and *Wm. Smyth*, for defendant.

———•♦•———

### Viele *v.* Ogilvie & Co.

A mere indorsement of a payment on a note, is not *prima facie* evidence of payment, nor is it evidence of a new promise to revive a note barred by the statute of limitations, or discharged by a decree in bankruptcy, unless it is shown that the indorsement was made by the defendant, or by his consent, or that he actually paid the amount indorsed.

*Error to Muscatine District Court.*

*Opinion by* Greene, J. An action of assumpsit by Ogilvie & Co. against Viele on a promissory note dated Sep-

Viele *v.* Ogilvie & Co.

tember 19, 1842. The note is for the payment of seventy eight dollars and thirty five cents with interest at ten per cent per annum; and contains an indorsement of seventy one and forty three sixtieth bushels wheat at fifty cents per bushel, amounting to $35,86, which indorsement pur-ports to have been made Oct. 13, 1843.

Plea general issue and notice of a certificate in bankruptcy in discharge of indebtedness, averring the decree to have been made on the third day of April 1843. By consent of parties a jury was waived and the cause submitted to the court, which found for the plaintiffs below, and rendered a judgment in their favor for $74,09; thereupon a motion was made by the defendant for a new trial, on the ground that the court rendered judgment under the mistaken apprehension that the discharge in bankruptcy took place before the note was given, which resulted from the mistake of a figure in one part of the record. This mistake was clearly shown by other portions of the record and appears to have been conceded by the court, but the motion for a new trial was overruled on the ground that there had been a promise to pay the note since the defendant's discharge under the bankrupt law. We learn from the bill of exceptions that the only evidence before the court, tending to show such subsequent promise was the indorsement of payment to which we have referred.

Though there are three errors assigned in this case, there is properly but one question involved. Is a naked indorsement of payment on a note *prima facie* evidence of such payment, and sufficient to establish a new promise and renewal of a note? If not the court below did not exercise a sound legal discretion in overruling the application for a new trial. We consider it a well settled and salutary rule, that a plaintiff cannot take advantage of an indorsement of a payment on a note as evidence of a new promise to revive a note barred by the statute of limitations, or discharged by a decree in bankruptcy, unless he shows such indorsement to have been made by the defendant, or by his consent; or else by proof of payment of

the amount indorsed. A mere naked indorsement without some such evidence of its correctness is not sufficient. See *Concklin* v. *Pearson* 1 Richn. S. C. 391; *McGeaee* v. *Greer* 7 Port. 537. *Stut* v. *Mathews* 7 Yerg. 313. In *Waterman* v. *Burbank* 8 Metcalf 352, the plaintiff gave in evidence an indorsement of payment written by himself, and dated within six years next before the suit was commenced, as follows: " Received Cotton Mill order, in part, sixteen dollars;" also an order of the same date drawn on the plaintiff in favor of the defendant by a third person for $22,38, and directing the plaintiff to charge the same to the cotton mill; also an acknowledgment of the defendant written on the back of the order that he had "received the within as specified." It was held to be not a sufficient proof of payment.

We think that at least as much certainty of proof, should be required to revive a debt barred by a proceeding in bankruptcy, as is required under a statute of limitations. By parity of reasoning then, the evidence in the present case was altogether inadequate to establish a payment on the note; or its resulting consequence a new promise, subsequent to the date of the certificate in bankruptcy. It was therefore error for the court below to refuse the application for a new trial; on the assumption that a subsequent promise resulted from an *exparte* indorsement. It must be apparent that a rule, giving effect to evidence which the holder of a note may at any time manufacture for himself, in order to evade a decree of bankruptcy or a statute of limitations, would be subject to great abuse, to a dangerous evasion of law, and a corrupting perversion of truth.

Judgment reversed.

*Wm. G. Woodward*, for plaintiff in error.

*W. P. Clark* and *J. S. Richman*, for defendant.