# N. Y. SUPERIOR COURT.

BENJAMIN G. DUSENBURY, administrator, &c., agt. MARK HOYT.

In an action to recover. a debt against a debtor who has been discharged therefrom in bankruptcy, in every case the action must be founded upon the precise and positive new promise made after the discharge, and the original debt is to be considered merely as the consideration that gives validity to the new promise.

It follows that inasmuch as under the Code the plaintiff is required to set out the facts constituting his cause of action, and nothing else, the said new promise must be specially pleaded as the basis of the action.

*Special Term, April,* 1873.

MOTION for a new trial upon the minutes.

D. M. PORTER, *for the motion.*
CEPHAS BRAINERD, *opposed.*

FREEDMAN, *J.*—It seems to be well settled that different principles apply to cases of defenses of the statute of limitations, and of a discharge under the bankrupt act. The former statute operates upon the remedy merely, and does not extinguish the debt. A discharge in bankruptcy absolutely releases and extinguishes the debt.

Under the statute of limitations, where no statutory provision to the contrary intervenes, a new promise may be implied; but after a discharge it must be so express, clear and unequivocal, as to show that the promisor intended deliberately to waive the protection of his discharge, and to rebind himself legally to pay the old debt (*Depuy* agt. *Swart,* 3 *Wend.,* 139;

*Lynbury* agt. *Wrightman*, 5 *Esp.*, 198; *Horner* agt. *Speed*, 2 *P. & H.* [*Va.*], 616; *Evans* agt. *Carey*, 29 *Ala.*, 99; *Fleming* agt. *Hayne*, 1 *Stark.*, 370; *Mucklow* agt. *St. John*, 4 *Tann.*, 613; *Brook* agt. *Wood*, 13 *Price*, 667; *Cambridge* agt. *Littlefield*, 6 *Cush.*, 213, *per* DEWEY, *J.*)

Thus, while in section 110 of the New York Code it is enacted that the effect of any payment of principal or interest shall not be altered by the provision; that no acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of the statute of limitations, unless the same be contained in some writing signed by the party to be charged thereby, it has been held in cases, which arose under the bankrupt law, that partial payments are not a new promise, nor the equivalent of a new promise (*Stark* agt. *Stinson*, 3 *Fost.*, 259; *Viele agt. Ogilvie*, 2 *Greene*, 326); and that payment of interest by the maker on a note from which he had been discharged, did not revive the liability to pay the note (*Cambridge, &c.*, agt. *Littlefield*, 6 *Cush.*, 210).

Upon the question, however, whether a new promise, after the discharge, creates a new and substantive cause of action, or operates merely as a waiver, by the promisor, of a defense with which the law has furnished him against an action on the old promise or demand, there is a marked conflict of authority. But upon the principles decided in *Depuy* agt. *Swart* (3 *Wend.*, 135) and *Stafford* agt. *Bacon* (1 *Hill*, 533), under the old practice of this state, and in *Stearns* agt. *Tappin* (5 *Duer*, 294, 299), under the Code, and the reasoning of *Carson* agt. *Osborn* (10 *B. Mon.*, 155), *Field's Case* (2 *Rawle*, 351), and *Graham* agt. *Hunt* (8. *B. Mon.*, 7), I feel constrained to hold that in every case the action must be founded upon the precise and positive new promise made after the discharge, and that the original debt is to be considered merely as the consideration that gives validity to the new promise. From this it follows that inasmuch as under the Code the plaintiff is required to set out the facts consti-

Dusenbury agt. Hoyt.

tuting his cause of action, and nothing else, the said new promise must be specially pleaded as the basis of the action.

This not having been done in the case now before me, the rulings made at the trial must be affirmed.

As to the admissibility and effect of defendant's discharge, I need only point out that the court of appeals in *The Ocean National Bank* agt. *Olcott* (46 *N. Y.*, 15) expressly held that, pursuant to the provisions of the bankrupt act of 1867, the certificate is conclusive evidence in favor of the bankrupt of the fact and the regularity of the discharge, and that the same cannot be questioned on the ground that it was improperly granted, in any other mode, nor in any other court, than prescribed in the act.

Motion for a new trial denied, with costs.*

* Affirmed on appeal at general term, May 3d. 1873, upon the grounds above stated.