Judge Graham
delivered the opinion of the Court.
This is an action of trespass, by Stone against ths plaintiffs in error, for breaking and entering the dwelling house and kitchen then in Stone’s peaceable possession and occupancy. The trial was had on the general issue, with leave to give in evidence all matters which could be specially pleaded. On the trial, the plaintiff proved that some time before day light, or about day break, a negro called at his house for some spirits. That plaintiff and his son and the witnesses got up. The son went into the kitchen, and shortly afterwards called to his father that a man was there and had drawn a pistol on him. The plaintiff immediately got his gun, went out of the side door into the passage with his gun in his hand. The passage spoken of is an open passage between two rooms, and is not closed at either end of it. Immediately on the plaintiff’s entering into the passage, some of the defendants seized him and took first his gun and then a stick from him, throwing him on the floor twice in the course of the struggle. There is an outer door leading from the passage into a room of the house. This door was locked. -Stone refused to open it, or to give the key to Calvert. The latter declaring that he had authority to break locks and force doors, did, although forbidden by Stone,- force open the door by breaking the hasp and one screw and drawing the others. All the other defendants were summoned by Calvert to go with him to the plaintiff’s house.
During the trial, the Court refused to permit the defendants to prove all the conversation between Calvert and Stone, so far as that conversation related to any au« *153 thority in Calvert as an officer, and also would not permit Calvert to read, as evidence to the jury, an execution of fieri facias against the estate of Stone and wife, and a written authority from Tinsly, Sheriff of Caldwell, empowering Calvert to levy said execution on the negroes of Stone and wife. The jury rendered a verdict for plaintiff for $200, and the Court gave judgment according to the verdict. The defendants moved for a new trial. Their motion having been overruled, they have, by appeal, brought the case to this Court. The propriety of excluding the evidence offered, is the principal subject of enquiry before this Court.
•A Sheriff suedia trespass must show that he is Sheriff, if he would justify.
It seems to us that the Court did not err in rejecting it. In the first place, it may be remarked that the record does not show that any evidence was adduced, or offered to be introduced, to prove that Tinsly was the Sheriff of Caldwell. Second, if that fact should be taken as not having been controverted, then there was no testimony that he had given to Calvert the written authority purporting to be signed by him. Third, if all this had been done, and if he has, by, law, authority to constitute a special deputy to levy a fi. fa., yet he could give to his deputy no greater powers than he himself possessed in the execution of the fieri facias. Would the execution have protected Tinsly, had he been guilty of the acts proved against Calvert? That a Sheriff or other officer with a writ of fieri facias in his hands has no right to force a lock, or break open the outer door of a dwelling house, in order to levy on property within the house, has been so long and so repeatedly settled as law, that we will not cite authorities in support of the position. The testimony shows that the door broken open by Calvert, was the outer ■door of the plaintiff’s house. The fact that it opened •into an open passage, cannot affect the case. It does mot appear from the proof that there is any other out•er door to the house than the one which was broken? If this door had led into an open porch in front of the •house, it would, we suppose, not be denied that the door was the outer door. The passage of the plaintiff *154 is unclosed at either end; it is an open passage answer^ ing to the purposes of a porch to the room on each side of it. We think the Sheriff himself would not have been authorized to force his way through it, against the consent and command of the occupant, for the purpose of levying an execution on any property of the plaintiff to satisfy the fi. fa. Of course his special deputy could not lawfully do that which the Jaw forbids his principal from doing. There is no proof whatever that Calvert, or any one with him, pretended to make known the object of his visit, or the authority, if any, under which he was acting, until after the altercation, and scuffle with the plaintiff ; nor until Calvert demanded the key of the door.
Can a Sheriff, by •written authority, constitute a special deputy to levy a fi. fa. Qnere. If so, he can give him no greater power than himself. He cannot break looks of outer doors of a dwelling to levy a fie- ' rifadas;
It is also assigned as a ground of reversal, that the Court erred in refusing to give to the jury instructions asked for by defendants. No instructions, either given or refused, are copied into the record, and this Court must presume in favor of the action of the Circuit Court, if any there was, on this subject. We suppose, from a statement made in the bill of exceptions, that the Court was asked to instruct the jury to find the defendant's not guilty of a trespass to the plaintiff, if they acted in obedience to Calvert’s summons. It is sufficient response to-this objection, to say that it does not' appear, as before stated, that Calvert had any authority to summon them.
Whether the principal Sheriff had authority to appoint a special deputy to levy the execution in his hands,is very questionable. A writ of fieri facias'ls not original or mesne process, but is final process, and is not embraced by the act of 1828, (2 Stat. Law, 1469,) which authorizes Sheriffs, in certain cases, to empower discreet persons to excute original or mesne process. At common law he could do so. Whether he has now such power under our statutes, is very questionable, or if he has such power, then, as the statute (2 Stat. Law, 1457,) expressly provides that, before any person enters upon his office of Sheriff or under Sheriff, he shall, in open Court, give assurance of fidelity to the Common *155 wealth in the form prescribed by the constitution, and shall also take the oath of office prescribed by that act, it may well be doubted whether such appointment would protect him until he had conformed to the requisitions of that act previous to entering upon the duties of his office. It is, however, unnecessary to decide this point. We leave that an open question. For be that as it may, as already shown, the defendants in this action did not, by proof, show themselves, or either of them, entitled to protection by valid authority from the Sheriff of the county. The trespass committed in disturbing the plaintiff and his family in the night time, breaking, by violence, his outer door, and entering into his house against his consent, was of so aggravated a character as not to permit the verdict to be disturbed because of excessive damages. We do not perceive any error in the judgment of the Circuit Court, either in excluding the evidence, refusing a new trial, or in any other particular. The judgment is therefore affirmed.
B. 4* A. Monroe for appellant; J. 4* W. L. Harlan for appellees.