JUDGE ROBERTSON
delivered the opinion op the court.
The appellant Boone, as assignee in bankruptcy of W. K. Hall, and the co-appellants, as judgment creditors of said Hall, brought this suit in equity for recovering the control of certain real and personal estate, charged to have been fraudulently transferred by Hall to his co-defendants to defeat the claims of his creditors.
The petition does not explicitly allege that Hall had been declared a bankrupt; but the averment that Boone was by the appointment of the Federal court made the assignee of his estate, fortified as it is by the context, implies that Hall had been adjudged a bankrupt, and that his estate, liable to his creditors under the bankrupt law, had been regularly assigned by the court to Boone for the benefit of all the creditors ; and according to that law the assignment passed to the assignee all the bankrupt’s property which his creditors might subject had there been no bankruptcy. Consequently the petition makes prima facie an available case, and we do not doubt that the state court had concurrent jurisdiction to decree in favor of the assignee for the benefit of the creditors the title and possession of the property sued for. Such jurisdiction has been too often exercised in Kentucky to allow a denial of it in this court.
It is equally apparent to us that the creditors, as beneficiaries, were proper though not necessary parties. Nevertheless, on motion without answer, the circuit court struck out the name of the assignee for a supposed misjoinder, and then dismissed the petition by the creditors because the title was in the assignee, who alone could maintain the suit for their use. That entire judgment we adjudge erroneous.
*68 Wherefore the judgment in both aspects is reversed, and the cause remanded for 'further proceedings.