# SUPREME COURT.

## BENONI S. PARTRIDGE, appellant, agt. JANE STOKES and others, respondents.

Where a *gift* of money is made by the husband to his wife, while he is indebted to various creditors, the statute declares such gift *fraudulent* as to those creditors.

Where the plaintiff, after having obtained judgment personally against the husband for some $1,100, upon which execution had been issued and returned unsatisfied, commenced an action against both husband and wife in the nature of a judgment creditors' bill, to reach money, claimed to have been fraudulently received by the wife as a gift from her husband, and to have been used by the wife upon her real estate, and it appeared in evidence, by the admissions of both husband and wife, that he had, some time previously, given his wife $500, and, perhaps, more; that no accounts had been kept between them; but she stated that she had paid back to her husband, at different times, as much as she had received from him. And it also appeared that about that time the wife—within about a month—had deposited to her credit, in a savings' bank, something over $3,000.

*Held,* that the loose and unsatisfactory evidence of the defendants can not be allowed to cover up the dealings between the parties engaged in defrauding the creditors of either or both, especially where, as in this case. a fraudulent intent was fully proved.

It is well settled that where a conveyance is executed with intent to defraud creditors, it is void not only as to existing, but as to future creditors.

*Fourth Department, General Term.*
*Argued at Rochester, September 11th, 1872.*
*Decided at Syracuse, December 6th, 1872.*

THIS action was tried before Hon. Henry Reigel, as sole referee, who reported in favor of the defendants, and the plaintiff appealed from the judgment entered upon the report of the referee to the general term of the fourth department.

The facts, so far as they relate to the points passed upon by the general term, are sufficiently stated in the opinion.

IRVING G. VANN, *for appellant.*
ISAAC D. GARFIELD, *for respondents.*

*By the court,* MULLIN, *P. J.*—This action is in the nature of a creditor's bill to enforce a judgment for $1,168 50, damages and costs, recovered by the plaintiff, against Robert Stokes, in this court, on the 24th day of September, 1868, against the property of Jane Stokes, the wife of said judgment debtor, after execution returned wholly unsatisfied.

I do not propose to examine any of the evidence in the case except what related to an amount of money which Robert Stokes made during the rebellion in procuring volunteers for the army. Stokes admits that he received during the last two years of the war between $2,000 and $3,000 in the business of obtaining volunteers, and of this sum, $500 were given by him to his wife, and were used by her in her business or in erecting houses on lands owned by her in the city of Syracuse.

He says, " I think I might have given her $500 of it, perhaps a little more or a little less—it may have been a good deal more or a little less; my wife may have paid it toward the houses she owns."

The wife testifies : "I never had any other money given me except about $500 at the time of the war, when he, her husband, was putting in substitutes * * * * My husand may have given me more than $500; we never have kept any accounts."

Stokes also says that he kept no account of what he gave his wife ; that he might have given her over $500 ; that he cannot tell the amount that he did let her have.

The treasurer of the Syracuse savings institution testified that on the 11th day of February, 1864, there was deposited to the credit of Jane Stokes, $1,700, and on the 24th day of March following, $1,400.

There were deposited after that sums varying from $100

to $800. The last entry was on the 11th day of June, 1869.

It does not follow that the $1,400 and the $1,700 above mentioned came from Robert Stokes, but when the parties who received and paid the money, and who were in moderate circumstances, are wholly unable to specify the amount received by the wife, and it appears that Mrs. Stokes received about the amount so deposited, it throws upon the defendants the burthen of proving how much was received by the wife, or the presumption legitimately arises that she received at least the $500.

When Mrs. Stokes received the money her husband was indebted to divers persons in small sums, but not to the plaintiff. The statute declares the gift to the wife fraudulent, as against those creditors.

The fraudulent intent was proved by several witnesses, one of whom only was impeached or contradicted.

It is well settled that when a conveyance is executed with intent to defraud creditors, it is void, not only as to existing, but as to future creditors (*King* agt. *Wilcox*, 11 *Paige*, 589; 1 *Story, Eq.*, § 361; *Case* agt. *Phelps, &c.*, 39 *N. Y.*, 164).

The referee was wrong in holding the dealings between husband and wife not fraudulent, unless the money was paid to her by way of loan, and it has since been repaid by her.

A loan is not presumed. It was a gift pure and simple. Although it was a gift, a redelivery of the money to the husband would probably relieve her from the imputation of fraud, under which she would otherwise rest, and for which fraud she would be liable to her husband's creditors.

But there is no evidence that any such thing was done, or intended to be done.

Both say she has paid in fines, and for him, as much as she has received; but they have kept no account of what

was thus paid, if the payment could be applied as a return of the gift.

It will not do to allow such loose and unsatisfactory evidence to cover up the dealings between the parties engaged in defrauding the creditors of either or both.

It cannot be said, with any degree of certainty, that the wife has actually paid back $100. Although these parties are illiterate, they cannot be relieved altogether from the duty of showing, with reasonable certainty, the precise extent and nature of their dealings, when such dealings are subjects of investigation.

It would not be tolerated that when a debtor, intending to defraud his creditor, sells his property to another, that payment of the purchase money could be proved by such evidence as was given in this case. For the purchaser to say, I paid the price, but I cannot tell when or how, or in what sums, would not be received as evidence which would justify a court or jury in finding the fact of payment.

On another trial more reliable evidence may be given, that will relieve the defense from the suspicion that is cast upon it by the testimony of the defendants.

The judgment is reversed, and a new trial ordered; costs to abide the event, and the order of reference to be vacated.

TALCOTT and SMITH, *JJ.*, concurred.