JAMES E. DEWEY et al., Respondents, *v.* HENRY MOYER et al., Impleaded, etc., Appellants.

Where a bankrupt, subsequent to his discharge in bankruptcy, confesses judgment upon an old debt, the debt is a good consideration for the judgment, and the latter is not affected by the discharge.

Where, prior to his discharge, the bankrupt placed property belonging to him in the hands of another to be held for his benefit, and to be restored after his discharge, or where he disposed of his property, with intent to defraud his creditors, to one cognizant of the fraudulent intent, an action is maintainable, by the holder of the judgment by confession, after return of execution thereon unsatisfied, to procure satisfaction thereof out of the property so transferred.

Such a trust is void by statute (1 R. S., 136, § 1), both as to existing and subsequent creditors, and such a fraudulent transfer is also void, the transferee becoming a trustee *ex maleficio* for both classes of creditors.

In such an action the fraudulent transferee pleaded the discharge, but did not set up as a defense the assignment and consequent vesting of title to the property sought to be reached in the assignee in bankruptcy; nor was the defense relied upon on the trial. *Held,* that it could not be made available upon appeal.

*It seems* that if an assignee in bankruptcy refuse, or neglect, to sue for, or reclaim property fraudulently transferred by the bankrupt, the creditors may commence an action to reach the property, making the assignee, the debtors, and his transferees parties defendant; and in such action the property will be administered directly for the creditors.

*It seems,* also, that when the assignee has been discharged, or where the plaintiffs in such action represent all the debts which the bankrupt owed at the time the assignee was appointed, his absence, as a party, will be disregarded.

So, also, when the assignee has lost the right to sue by not bringing an action within two years, as limited by the bankrupt law (§ 2), the creditors may bring an action in their own names.

Where it appears that a debtor and others have joined in a conspiracy to defraud the creditors of the former by a fraudulent disposition of his property, the acts and declarations of the debtor, made in the absence of the others, but in execution of the common purpose, and in aid of its fulfillment, are admissible against them.

(Argued December 7, 1877; decided January 15, 1878.)

·APPEAL by defendants, Henry and Betsy Moyer, from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor

of plaintiffs, entered upon the report of a referee.   (Reported below, 9 Hun, 473.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*Samuel Hand,* for appellants.   The proceedings in bankruptcy, the assignment, and the bankrupt's discharge were a bar to plaintiffs' right of recovery.   (Bankrupt Law, 1867, § 14; *Jones* v. *Milbank,* 6 Lans., 73.)   None but the assignee, since his appointment, has had a right to maintain an action to set aside a fraudulent conveyance.   (*Goodwin* v. *Starkey,* 5 Abb. [N. S.], 64; *Stewart* v. *Isidore,* id., 68; *In re Meyers,* 1 B. R., 162; *Thomas* v. *Phillips,* 9 Penn, St., 355; *Pomeroy* v. *Lyman,* 10 Al., 468; *Williams* v. *Merritt,* 103 Mass., 184.) The discharge to the bankrupt included the judgment, although it was rendered after filing the petition.   (Bankrupt Law, §§ 32, 34; *Monroe* v. *Upton,* 50 N. Y., 593; *Botts* v. *Patton,* 10 B. Mon., 452; *Ocean Bk.* v. *Olcott,* 46 N. Y., 12; *Depuy* v. *Swart,* 3 Wend., 135, 139; *Baker* v. *Wheaton,* 5 Mass., 509, 512; *Lenbury* v. *Weightman,* 5 Esp. 198, note; *Roberts* v. *Morgan,* 2 id., 736; *Stearns* v. *Tappan,* 5 Duer, 294, 299; *Carson* v. *Osborn,* 10 B. Mon., 155; *Rice* v. *Maxwell,* 12 S. & M. [Miss.], 280.)   The discharge could only be impeached, or its effect questioned in the court which granted it.   (*Corey* v. *Ripley,* 57 Me., 69; *Hudson* v. *Bingham,* 8 Nat. B. R., 494.)   The proceedings in bankruptcy were sufficiently pleaded.   (Code, § 161; *Partridge* v. *Badger,* 25 Barb., 146, 170; *Hunt* v. *Bennett,* 19 N. Y., 173; 2 Wait's Pr., 315; *Swennerton* v. *Ins Co.,* 37 N. Y., 174; *People* v. *Snyder,* 41 id., 396; *Shaw* v. *Tobias,* 3 id., 188, 190.)   The court will take judicial notice of the public statutes of the United States.   (*Jack* v. *Martin,* 12 Wend., 311, 329; *Platt* v. *Crawford,* 8 Abb. [N. S.], 297, 304.)   It was not necessary to take the objection that plaintiffs had no title or interest in the property sought to be reached before the trial.   (*Mosselman* v. *Cain,* 1 Hun, 647; *Davis* v. *Mayor, etc.,* 4 Kern., 506, 526; *Greene* v. *Breck,* 10 Abb., 42; *De Witt* v. *Chandler,* 11 id., 459.)

*J. E. Dewey*, for respondents.    The discharge was a defense only for Eldredge — a personal privilege — which he alone could set up, or waive as he chose, like the defense of infancy.    (*Slocum* v. *Hooker*, 13 Barb., 536; *Parker* v. *Baker*, 1 Clark Ch'y R., 136, 138; *Mason* v. *Dennison*, 15 Wend., 64; *Blanchard* v. *Caswell*, 7 Gray, 153, 155; *Rawles* v. *The Am. M. L. Ins. Co.*, 27 N. Y., 282, 296; *Hyde* v. *Van Valkenburg*, 1 Daly, 416; *Boughton* v. *Smith*, 26 Barb., 635; *Murray* v. *Judson*, 5 Seld., 73, 83–85; *M. T. Co.* v. *Roseberry*, 2 L. & Eq. Rep., 479; *Britchett* v. *Mitchell*, 17 Kans. R., 355; *Farr* v. *Pymer*, 2 Ch. Sent., 20; *Parker* v. *Rochester*, 4 Johns. Ch., 329, 331–333; *Cahill* v. *Bigelow*, 18 Pick., 369, 372; *McCartney* v. *Welch*, 51 N. Y., 626–627; 5 Seld., 73, 84.)    A bankrupt discharge is waived, and here was waived, by the debtor not pleading it. (*Price* v. *Peters*, 15 Abb., 197; *Medbury* v. *Swan*, 46 N. Y., 202; *Rudge* v. *Rundell*, 1 T. & Cook, 649, 651.)    It is waived by the mere laches of the debtor. (46 N. Y., 200; 3 T. & C., 118; *S. C.*, 756; *Barstow* v. *Hanson*, 2 Hun, 334.)    The confession of these judgments was a conclusive waiver. (*Dusenbury* v. *Hoyt*, 53 N. Y., 521; *Stewart* v. *Wilson*, 2 L. & Eq. Rep., 234, 235; *Johnson* v. *A. & S. R. R. Co.*, 54 N. Y., 416, 426, 427.)    The discharge pleaded was not evidence of the fact of discharge, or of its regularity, except in favor of the bankrupt.    (Bankrupt Act of 1867, § 34, and *Waterman* v. *Robinson*, 5 Mass., 303, 305.    The bankruptcy papers were only proper evidence upon the issue made. (*Bruce* v. *Burr*, CHURCH, C. J., 14 A. L. J., 358; *Arnold* v. *Angell*, 62 N. Y., 509; *Williams* v. *The M. & F. Ins. Co.*, 54 N. Y., 577; opinion below, fol. 599; 2 Coms., 501; 2 Seld., 179; *Brazil* v. *Isham*, 2 Kern., 9; *O'Toole* v. *Garvin*, 3 T. & Cook, 121.)    The objection that the assignee was not made a party, not being raised by the answer , was waived. (Code, §§ 144, 147, 148; *Fort Stanwix Bank* v. *Leggett*, 51 N. Y., 552, 554, 555; *Fox* v. *Moyer*, 54 id., 125, 130; *Merritt* v. *Walsh*, 32 id., 685; *Zabriskie* v. *Smith*, 3 Kern., 322, 336; *Child* v. *Brace*, 4 Pai., 314; *Depuy* v. *Strong*, 3 Keyes,

603, 605; *Ft. Stanwix Bank* v. *Leggett*, 51 N. Y., 552, 554; *Sands* v. *Codwise*, 4 Johns., 556, 557, 601; *Franklyn* v. *Fern*, Barnardiston's R., 30, 33; *First N. B'k of Troy* v. *Cooper*, 9 N. B. Reg. R., 529; *Bate* v. *Graham*, 1 Kern., 237; *Hagan* v. *Walker*, 14 How. [U. S]., 29; 1 Sto. Eq. Jur., § 423; 1 Sto. Eq. Pl., § 495.) The assignment may be attacked and avoided in the State court for fraud, although the discharge, when set up by the bankrupt, may not be. (Bankrupt Act, § 34; *The O. N. Bank* v. *Olcott*, 46 N. Y., 15; Bankrupt Act, §§ 29, 34; James on Bankruptcy, 136; *Warner* v. *Blakeman*, 4 Keyes, 487, WOODRUFF, J.; *Ind. P. & C. R. Co.* v. *Tyng*, 4 T. & Cook R., 535; Story on Contr., § 495; *Martin* v. *Smith*, 1 Dillon, 85; 4 B. Reg. R., 83; *Sands* v. *Codwise*, 4 Johns., 558.) The transactions in question being fraudulent in fact, as found, were void as to, and the proceeds were held in trust as well for, subsequent as existing creditors. (*Partridge* v. *Stokes*, 44 How., 381–383; 7 Alb. L. J., 220; *Savage* v. *Murphy*, 8 Bosw., 75; aff'd, 34 N. Y., 508; *Case* v. *Phillips*, 39 id., 164; *Day* v. *Coolie*, 118 Mass. R.; 13 Alb. L. J., 404, 405; *Mead* v. *Gregg*, 12 Barb., 655, 656.) These fraudulent holders have no right to claim a technical passing of title to the assignee. (*Colie* v. *Jamison*, 4 Hun, 285, 286.) By engaging in a fraudulent scheme, they forfeited all right to protection, either at law or in equity. (*Fraschieris* v. *Henriques*, 36 Barb., 280; Bump Frdt. Conv., 572; *Holland* v. *Cruft*, 20 Pick, 321; *Wood* v. *Hunt*, 38 Barb., 302–309; *Bean* v. *Smith*, 2 Mason, 252, 285, 296; *Sands* v. *Codwise*, 4 Johns., 598, 599; *Merrick* v. *Brainard*, 38 Barb., 589.) A fraudulent assignee cannot retain what he paid for the assignment. (*Holland* v. *Cruft, supra; Fullerton* v. *Vial*, 42 How. [Ct. of App.], 294.) The plaintiffs having the right, as creditors, to pursue the Moyers before the bankruptcy proceedings, the latter cannot set up an outstanding title in another without connecting themselves with it. (*Smith* v. *Hall*, N. Y. Ct. of App., Sept. 19, 1876, 2 L. & Eq. R., 556, RAPALLO, J.; 62 N. Y., 329; 16 Wend., 563, 571; *Bell* v. *Hunt*, 3 Barb. Ch., 391; 3 Jones & S., 373; 53 N. Y., 536;

*Rogers* v. *Weir*, 34 N. Y., 467, 468; *Lund* v. *The S. S. Bk.*, 23 How., 258, 260; *S. C.*, 20 id., 461.) Assuming all that is claimed for the proceedings in bankruptcy, though not pleaded or proved, these creditors had the right, when this suit was brought, in May, 1872, to proceed in their own names. (Hill'd on Bankruptcy, 194, and note; Bump Bankruptcy, 200, 231; 18 Ohio St., 413; Bankrupt Act, § 13; Bump Bankruptcy, 112; James on Bankruptcy, 31; §§ 27, 28; Bump, 195; James, 78, 120; §§ 13, 29, 43; 2 Johns. Ch., 283, 296, 297; 9 Cow., 722; 1 Pai., 637; Bump Bankruptcy, 200; *Tyler* v. *Brock*, 4 N. Y., Weekly Dig., N. Y. Ct. of App., Rapallo, J.; Burrill on Cir. Ev., 166; Ph. Ev. C. H. & E.'s Notes, 504, 608; 8 B. & C., 448; 4 Hun, 285, 286; 2 Abb. [U. S.], 67; 12 Serg. & R., 364; Till. Adams. on Eject., 69, note 1.) The plaintiffs' judgments having been obtained without fraud or collusion, are conclusive as to the debts and their amount, not only as against the debtor, but as against the appellants; and this is not affected by the fact that they were recovered after the transfer by him to them. (*Swihart* v. *Shaum*, 24 Ohio St., 432; 11 Alb. L. J.; 63 tit. " Judgment; " *Hall* v. *Striker*, 27 N. Y., 609, Marvin, J.; id., 603, Denio, Ch. J.; *Candee* v. *Lord*, 1 Comst.. 269, 275; Gardner, J., and cases cited.)

Earl, J. This is an action commenced by four judgment-creditors of the defendant Eldredge, to procure satisfaction of their judgments out of property placed by the debtor in the hands of the other two defendants in fraud of his creditors.

Prior to 1858, Eldredge owned a farm upon which there was a mortgage, and he owed to the plaintiffs, Dewey, Reid and Dockstader, and the assignors of Coon, and to other creditors, large sums of money; and then a scheme was concocted and carried into effect, by and between the defendants, the particulars of which are set forth in the complaint and the report of the referee, to procure the transfer of the said farm to the defendants Moyer, who were to permit

Eldredge to remain on the farm and cultivate the same in their names, and they were to hold the title to the farm and its products and the proceeds thereof for the benefit of Eldredge, and to restore to him the whole thereof, after deducting the liens then existing upon the farm and the costs of the foreclosure of the mortgage; and the referee found that the property was placed in the hands of the defendants Moyer, and accepted by them with the intent and for the purpose of defrauding the creditors of Eldredge, and that the plaintiff first had notice of the fraud in the month of June, 1870; and he found, also, that the property thus fraudulently placed in the hands of the defendants Moyer was more than sufficient to satisfy the claims of all the plaintiffs. The referee also found that in August, 1868, the United States District Court at Buffalo duly made a decree discharging the defendant Eldredge from all his debts, and that the judgments mentioned in the complaint were all for debts due plaintiffs which accrued before the said discharge in bankruptcy.

The defendant Eldredge did not answer the complaint, but the defendants Moyer did answer, admitting and denying certain allegations of the complaint, and alleging as the only affirmative defense the discharge of Eldredge in bankruptcy; and the most important question to be determined here is whether such discharge is a defense to this action.

It may be assumed, without deciding it, that the discharge, upon the authority of the case of *The Ocean National Bank* v. *Olcott* (46 N. Y., 12), would have furnished a defense to this action, but for the facts now to be noticed. Before the commencement of this action in 1870, the defendant Eldredge confessed judgments to the plaintiffs upon all the debts now represented by the plaintiffs which existed at the time of his discharge, and upon these judgments executions were issued and returned unsatisfied. The old debts from which Eldredge had been discharged were sufficient considerations for the new judgments confessed. These judgments did not revive Eldredge's liability upon the old debts;

but he became a debtor upon the new judgments, and plaintiffs' remedies were confined to them. (*Depuy* v. *Swart*, 3 Wend., 135; *Stearns* v. *Tappin*, 5 Duer, 294, 299; *Lynbuy* v. *Weightman*, 5 Esp., 198; *Carson* v. *Osborn*, 10 B. Mon., 155; *Rice* v. *Maxwell*, 12 Sm. and Marsh [Miss.], 280.)

These debts, therefore, being subsequent to the discharge in bankruptcy, were not affected thereby. If instead of confessing judgments, Eldredge had promised to pay the discharged debts, his discharge would have been no defense to an action to enforce such promise.

It matters not that these debts accrued long subsequent to the fraudulent disposition of the property. The property was placed in the hands of the defendants Moyer in trust for the future benefit of Eldredge. The agreement was that it was to be restored to him so soon as he should in bankruptcy or otherwise be discharged from his debts, and by the express language of the statute such an arrangement is void, both as to existing and subsequent creditors. (1 R. S. 136, sec. 1.) But the referee found that the arrangement as to the property was fraudulent, and that the Moyers as well as Eldredge were concerned in the fraud, and hence the transfers were void both as to existing and subsequent creditors, and the Moyers became trustees *ex maleficio* for both classes of creditors. (*King* v. *Wilcox*, 11 Paige, 589; *Savage* v. *Murphy*, 8 Bosw., 75; *S. C.*, 34 N. Y., 508; *Case* v. *Phelps*, 39 N. Y., 164; *Mead* v. *Gregg*, 12 Barb., 653; *Partridge* v. *Stokes*, 44 How. Pr., 381; *Day* v. *Cooley*, 118 Mass., 524.) Judge STORY, in Story's Eq. Jur., § 361, says, that "When the conveyance is intentionally made to defraud creditors, it seems perfectly reasonable that it should be held void as to all subsequent, as well as to all prior creditors, on account of ill faith." In *King* v. *Wilcox*, the Chancellor said: "Upon a full examination of all the cases, the legal principle appears to be established that when a voluntary conveyance is made and received with an actual intent to defraud the then existing creditors of the grantor, it is not a

*bona fide* conveyance which can protect the grantee against the claims of subsequent creditors." In *Day* v. *Cooley*, MORTON, J., said: "It is well settled that if a debtor makes a conveyance with the purpose of defrauding either existing or future creditors, it may be impeached by either class of creditors."

The Moyers still have the property fraudulently placed in their hands, and they must therefore account for it to the plaintiffs, unless there is good foundation for the further claim made in their behalf, which must now be considered. An assignee in bankruptcy of Eldredge's estate was appointed in 1868, and all his estate was assigned to him, and thereupon the assignee became, under section 14 of the Bankrupt Law of 1867, vested with " all the property conveyed by the bankrupt in fraud of his creditors." Therefore, the property sought to be reached by the plaintiffs in this action, became vested in such assignee, as trustee for the plaintiffs and the other creditors, if any, of the bankrupt. But this defense was not set up in the answer. It was not mentioned or alluded to therein. But as the discharge was set up, and as the appointment of an assignee must always precede the discharge, it is said that the assignment is necessarily implied and alleged. It may be that the necessary inference from the answer as to the discharge is, that an assignee had been appointed. The fault with the answer, however, is that this matter is not set up as a defense. There is no notice that the defendants intended to use it as a defense. The court might take notice that the fact existed, but it could not fail also to notice that the defendants did not rely upon it for a defense. And, so far as we can perceive, this defense was not mentioned at the trial. The certificate of discharge is in section 34 of the Bankrupt Act, made " conclusive evidence in favor of such bankrupt of the fact and the regularity of such discharge," but it is not conclusive evidence in favor of other parties who seek to use it. Hence the defendants Moyer, in order to prove their defense of the discharge of Eldredge, introduced in evidence all the proceedings in

bankruptcy from the filing of the petition to the discharge. The plaintiffs objected to them that they were inadmissible under the pleadings, but they were received. Among the papers thus introduced were the appointment of an assignee, and the assignment to him. We must infer that these proceedings were introduced and received simply to prove the defense of discharge. They were competent upon that defense, and it would be a trap upon the plaintiffs at any time after the close of the trial to allow them to be used for any other purpose. To show still further that this defense was not relied upon at the trial, the referee did not find, as a fact, that there was any assignment, and he was not requested to find it.

The fact of the discharge implying as it does that there must have been an assignment, does not necessarily show that the plaintiffs had no cause of action. The creditors did not, upon the appointment of an assignee, cease to be interested in the property fraudulently transferred. The assignee became entitled to take it simply as a trustee for them. He did not become a trustee in any sense for the bankrupt, because he had no interest in the property. He had, by his voluntary transfers, which were void only as to creditors, placed it beyond his control. The creditors being all paid or satisfied, the assignee could not reclaim this property for the benefit of the bankrupt. As to him, the law would leave it where he had fraudulently placed it. Hence the real parties in interest were the creditors. If the assignee should refuse or neglect to sue for and reclaim property fraudulently transferred, it is abundantly established that the creditors may commence an action to reach the property, making the assignee, the debtor, and his transferees parties defendant. And in such an action the property will be administered directly for the benefit of the creditors. (*Sands* v. *Codwise,* 2 J. R., 487; *Freeman* v. *Deming,* 3 Sandf. Ch. R., 327; *Seaman* v. *Stoughton,* 3 Barb. Ch. R., 344; *Fort Stanwix Bank* v. *Leggett,* 51 N. Y., 552; *Card* v. *Walbridge,* 18 Ohio, 411; *Phelps* v. *Curts,* 80 Ill., 109; *Franklyne*

v. *Fern*, Barnardson, 30; *First Nat. Bank of Troy* v. *Cooper*, 9 N. B. R., 529, in U. S. Sup. Ct.; *Boone* v. *Hall*, 7 Bush, 66.) If the defense had been made in the answer, or at the trial, that there was an assignment, and that the assignee ought to have been made a party, the plaintiffs could have brought him in, or they might have shown that he had been discharged, and thus divested of his trust; or that they in fact represented all the debts which the bankrupt owed at the time the assignee was appointed, in which event, they being the only parties interested, the absence of a merely formal party would have been disregarded by the court.   The Bankrupt Law, section 2, prescribes a limitation of two years for the commencement of an action by an assignee against any person claiming an adverse interest in the property assigned. Here four years had elapsed before this action was commenced, and the plaintiffs might have shown, if this defense had been insisted on, that although the assignee knew of the fraud, more than two years had elapsed, and he had thus lost the right to sue the Moyers for the property claimed by them.   In such case their trustee having, by collusion or neglect, lost his right to sue, they certainly would have the right, in their own names, to commence this action.   There is, therefore, abundant reason for holding that this defense ought to have been set up in the answer, that the plaintiff could have had an opportunity to meet it.   The point made as to this defense is entitled to less favor than it might otherwise receive, because the plaintiffs do in fact represent all the debts mentioned in the schedule attached to the petition in bankruptcy, except four small debts, amounting in the aggregate to less than $200; and, according to the finding of the referee, there will be ample property left in the hands of the Moyers to pay those, if not barred or satisfied in some way.   We are, therefore, of opinion that the proceedings in bankruptcy, as they appear in this case, were not a bar to this action.

The claim is also made that plaintiffs Dewey and Coon were practicing attorneys, and that they bought certain of

the claims upon which this action is based, for prosecution, in violation of the statute. It is a sufficient answer to this claim that such a defense is not set up in the answer.

It was not error to allow the plaintiffs to prove declarations of the debtor Eldredge, made in the absence of the Moyers, bearing upon the question of fraud in the disposition of his property. It had been proved that he and the Moyers had joined together in a conspiracy to defraud his creditors, and in such a case the acts and declarations of either, made in the execution of the common purpose, and in aid of its fulfillment, are competent evidence against any of the parties. (*Cuyler* v. *McCartney*, 40 N. Y., 221; *Newlin* v. *Lyon*, 49 N. Y., 661.) I have carefully examined the other exceptions to which our attention has been called, and it is sufficient to say of them that they were not well taken.

I have not deemed it important to discuss here the facts of this case. The plaintiffs had some difficulties to overcome. There are singular and somewhat extraordinary features in the evidence upon both sides. But it cannot be said that there was not sufficient evidence to authorize the findings of the referee, and hence we cannot interfere with them.

It follows from these views that the judgment must be affirmed, with costs.

All concur.

Judgment affirmed.