Minshall, J.
The plaintiffs, as creditors of the assign- or, an insolvent corporation, brought suit in the court of common pleas on behalf of themselves and the other creditors, against the purchaser at the sale of the assignee, to set aside the conveyance of certain real estate thereunder, on the ground of a fraudulent combination between the purchaser and a third person, to prevent competition at the sale. The suit was commenced on November 25, 1882, the conveyance having been made on July 7, 1880. The cause having been heard and determined in the common pleas, was appealed to the district court, then in existence, and was afterwards transferred to the circuit court, where, on leave of the court, November 1, 1886, the plaintiffs filed a “ second amended petition.” The defendant, Seiberling, demurred to this petition on the ground that it does not state facts sufficient to constitute a cause of action. The court sustained the demurrer and dismissed the action. The petition, as amended, states in substance the following facts :
That The J. F. Seiberling Company was a corporation duly Organized under the laws of Ohio ; and engaged in the manufacture of reapers and mowers. That on the 10th of September, 1875, it made an assignment, under, the statute, of all its property for the benefit of its creditors. That in the execution of the trust the assignee offered at public sale, under proper direction of the probate court, certain real estate of the value of about $90,000. That just prior to the sale, the defendant Seiberling entered into an agreement with one A. C. Beldon, who contemplated purchasing the property at the sale, and who would have bid at least $30,000 for the same, by the terms of which he, Seiberling, agreed to loan Beldon the sum of $2,000 for one year, without interest, and convey to him 17 acres of land, if he would refrain from bidding at the sale. The petition further shows that Beldon'kept his agreement — Seiberling bidding off the *558 property for the sum of $25,150, he being the only bidder therefor, with the exception of a nominal bid made by Beldon, at the instance of Seiberling. The petition further stated that on ascertaining the fraud so perpetrated on the ereditors of the company, the assignee was informed of the fact, and requested to bring an action to set aside the sale, and relieve the insolvent estate from the loss and damage consequent upon the fraud. That the assignee refused to bring the action, and that thereupon the plaintiffs, creditors of the company, brought the action below therefor, making the assignee a party defendant. They alleged in their petition that they “ are willing and now offer to pay into court, such sum as the court may find said defendant entitled to, as a condition of setting said sale and conveyance aside.” They then prayed the court to set aside the sale and to restore the creditors to all things lost by reason thereof; and that the court order a re-sale, making such “ order concerning the distribution of the proceeds as should be equitable and just; ” and, further, if it should be held by the court that the plaintiffs were not entitled to the relief prayed for, then that an account might be taken of the amount of loss to them and the other creditors, sustained by reason of the fraud on the part of Seiberling, and that he “ be directed to pay over such sum, with interest from the time of said fraudulent sale, to the assignee, or some other suitable party appointed by the court for the purpose.”
• The error assigned is that the court erred in sustaining the demurrer to the petition as amended.
1. The first point made on the demurrer is that the court had no jurisdiction. It might be a sufficient answer to this to say that a demurrer to the sufficiency of the petition does not raise the question of the jurisdiction of the court. It virtually admits it, by submitting the sufficiency of the pleading to the judgment of the court. Want of jurisdiction is a specific ground of demurrer and should be assigned. § 5062, Revised Statutes. Nevertheless, there can be no question upon the point. The court of common pleas is a court of general jurisdiction. It embraces all matters at law *559 and in equity that are not denied to it. The setting aside of a conveyance, that, for any reason, has been wrongfully obtained, is one of the most common instances in which the court of common pleas interferes to grant relief as a court of equity. The claim that the case is within the exclusive jurisdiction of the probate court, simply because it ordered the deed made upon the confirmation of a sale ordered by it, cannot be admitted. When the deed, made in pursuance of its order, had been executed and delivered, its power over the subject of the sale was at an end; and it had no power whatever to set it aside, in any proceeding, by a decree of its own. The probate court is a court of liihited jurisdiction; it can exercise just such powers as are conferred on it by statute and the constitution of the state, but the setting aside, of a deed of conveyance is not one of the powers so conferred. Spoors v. Coen, 44 Ohio St. 497.
2. The second point is, that no one but the assignee can maintain the action. This is but another form of urging the want of capacity to sue; and, like the former objection, might be disposed of by saying, it is not embraced by the demurrer of the defendant. Want of capacity to sue is a special ground of demurrer, and to be raised in that way, should be specially assigned. We do not overlook the decision in Buckingham v. Buckingham, 36 Ohio St. 68, 78, where it is said: “To warrant a recoveiy on the petition, it must show a cause of action in the plaintiff. If the petition fails to show such cause of action, the objection is not waived by a failure to demur, or to make the objection by answer.” The right of action is one thing, and capacity to maintain it, is another. The right may be in one, or a class of persons, and the capacity to maintain it in another. This is so as to all wards and cestuis que trustent, generally. The cause of action is in the beneficiaries, but the capacity to maintain it is in the trustee; and when want of capacity is relied on by the defendant as an objection to the maintenance of the action by the plaintiff, it should be made by demurrer or answer, and when taken by demurrer it should be specially assigned. § 5062, Revised Statutes. In Buckingham v. Buckingham, the court *560 found and held that there was no cause of action in the plaintiff. The value of the services, for which he sued, had passed to the assignee in bankruptcy, for the benefit of his creditors; so that the plaintiff had neither the right of action in himself nor capacity to maintain it. But we think that if it were properly raised, it is not well taken. The plaintiffs as creditors have a direct interest in the matter. They are the beneficiaries of the trust created by the assignment. And, therefore, as, by the averments of the petition they are quite numerous, and the trustee refuses to bring the action, they, upon well recognized principles of procedure, may bring it for themselves and the other creditors, making the trustee a party defendant, as has been done. Dewey v. Meyer, 72 N. Y. 70, 78, and authorities cited.
3. The next objection is, that the plaintiffs have not tendered to the defendant the purchase price paid for the property. It is undoubtedly true that before a deed can be set aside for fraud on the part of the purchaser, he should be restored to his former condition. But we do not find from an examination of the books and decisions that the plaintiff is required to tender the price paid, or any sum, to the defendant before commencing the action. Such a rule would in many cases, result in a practical denial of justice. The purchase price with interest, may or may not be due the defendant on setting aside the deed. This will depend on a variety of questions — whether there has, b}*- his act or fault, been a deterioration of the property, whether he has received, or should be charged with, rent for its use and occupation, and whether he should be credited with the value of improvements made upon it. These questions can seldom, if ever, be determined without a hearing; and it is a part of the jurisdiction of the court in such suits to settle and determine them preparatory to a just and proper decree. The true rule is accurately stated by Mr. Kerb in his work. on “ Frauds and Mistakes,” p. 305: “The court will not,” he says, “rescind a transaction without requiring the party in whose favor it interferes, to restore the party against whom relief is sought, as far as possible, to that which shall be a just *561 situation, with reference to the rights which he held antecedently to the transaction.” And he adds: “ The terms on which a transaction will be rescinded vary with the particular circumstances of the ease.” Therefore it is sufficient if the plaintiff offers, as in this case, “ to pay into court such sum as the court may find the defendant entitled to as a condition of setting the sale and conveyance aside.” An actual tender prior to the suit is not essential. This is so in suits for specific performance, (Pomeroy’s Eq. Jurs., § 1407, and note,) which are closely related to suits for rescission; and, when the ground of rescission is fraud, there is certainly less reason for a rigid rule; as the author of a fraud has never been esteemed as entitled to the tender regard of a court of equity. In Odell v. Burnham, 61 Wis. 562, which was an action by the defrauded grantor against the fraudulent grantee, to the objection that no tender had been made, the court said, “when in an action to set aside a conveyance on the ground of fraud, the plaintiff offers in the complaint to return the money paid therefor, it cannot be objected on demurrer that the plaintiff did not, before bringing the action tender back the money. The court can protect the rights of all parties.” This seems to be the reasonable and the just rule. See also Dudley v. Little, 2 Ohio 509, which was a suit brought to set aside a sale for taxes, without .an allegation of a tender of the taxes paid. The fraud was of the same character as that alleged in this petition — collusion among purchasers to prevent competition in bidding. The court found the fraud, and said: “ The complainants are entitled to a decree. They must take it, however, on the condition of refunding the purchase money and interest with penalty of 50 per cent, allowed bjr law and on the payment of costs.”
The defendant claims, however, that, in justice to him, the amount should be tendered, or a definite sum offered, that he may, if he elects, take the sum so tendered or offered, without being put to the expense of a suit. But we do not see that he is deprived of this right by the practice adopted. Pie may, if he desires, consent to the sale being set aside on being refunded his money, in which case the *562 money must be refunded before the relief can be granted. Or he may, if he choose, controvert the fraud, and if upon trial none is found, the case will be dismissed at the plaintiff’s costs. If, however, it should be found against him, he will be in no worse condition than any other litigant who gets cast in a suit. His right, however, to be placed in statu quo will not thereby be affected.
No question is made, and none can be, as to the legal effect of the combination to prevent bidding, alleged in the petition. It was a fraud upon the- creditors, and they have the right, on restoring the defendant to his former condition, to have the sale set aside ; or such other relief as the court in the exercise of a sound discretion,' may award. It might, if that should appear the more equitable, ascertain the difference, in the value of the land and the price paid at the time of the sale, and order a re-sale, unless the difference should be paid the assignee by a day named, making the amount found due the defendant upon an account, a prior lien upon the property, as was done in the common pleas.
Judgment reversed and cause remanded to the circuit court, with directions to overrule the demurrer to the amended petition,, and for further proceedings.