### HILLYER et al. v. LE ROY et al.

(Supreme Court, Appellate Division, Third Department. May 12, 1903.)

1. FRAUDULENT CONVEYANCES—BANKRUPTCY—DISCHARGE—EFFECT.

Where plaintiffs recovered a judgment which would have been a lien on certain real estate of the judgment debtors but for the fact that the property had been fraudulently conveyed, and such judgment was obtained more than four months before the filing of the debtors' petition in bankruptcy, the debtors' discharge did not affect plaintiffs' judgment lien against such property.

2. SAME—LIABILITY OF TRANSFEREES.

Where grantees of real estate which was conveyed to them in fraud of the grantors' creditors were concerned in the fraud, and such grantees had not transferred the property prior to a suit to set aside such transfers, they will be held to account therefor as trustees ex maleficio for the creditors defrauded.

3. SAME—VACATION OF TRANSFER—ACTION BY TRUSTEE—PLEADING.

Where, pending a suit to set aside alleged fraudulent conveyances of land, the judgment debtors were adjudged bankrupts, and they were permitted to set up such fact in such suit by supplemental answer, but failed to urge therein that the action should have been prosecuted in the name of the trustee in bankruptcy, such objection could not subsequently be considered.

4. SAME—PERSONAL PROPERTY—FRAUDULENT CONVEYANCE—LIEN.

Where a judgment creditor of a bankrupt had acquired no lien, either at law or in equity, on certain personal property of the bankrupt which he had fraudulently conveyed more than four months before the filing of the petition in bankruptcy, the equitable title to such property passed to the trustee as a part of the bankrupt's estate, as defined by Bankr. Act, § 67 (Act July 1, 1898, 30 Stat. 564, c. 541 [U. S. Comp. St. 1901, p. 3449]).

Appeal from Special Term, Albany County.

Action by Drayton Hillyer and others against William B. Le Roy and others to set aside certain conveyances by defendants as in fraud of creditors. From a judgment in favor of plaintiffs, certain of the defendants appeal. Modified.

The plaintiffs obtained a judgment against the defendants William B. Le Roy, Amelia L. White, R. Nicholas Vandervoort and Minnie A. Becker on the 3d day of December, 1897, for $17,723.97, upon promissory notes given by said judgment debtors for wool purchased by them of the said plaintiffs, which judgment was on that day docketed in the office of the clerk of the county of Albany. Execution was issued upon said judgment to the sheriff of the county of Albany, and returned wholly unsatisfied. After the purchase of said wool, and before the said judgment was obtained, the defendant William B. Le Roy transferred to his wife, the defendant Elizabeth Le Roy, certain real estate in Cohoes, described in the judgment. The said Amelia L. White transferred to her husband, the said defendant James White, two houses and lots in the city of Cohoes, described in the judgment, and by a separate conveyance, a certain other house and lot in the city of Cohoes, described in the judgment, together with certain personal property mentioned in the judgment. This action was commenced on the 30th day of March,

1899, to obtain a judgment declaring said transfers of real and personal property, together with many other transfers of real property, fraudulent and void as against the plaintiffs, and to require the defendants to account to the plaintiffs for the property so fraudulently transferred. At the time of the commencement of the action a lis pendens was filed in the office of the clerk of the county of Albany. Answers were interposed by the several defendants. On May 8, 1899, said defendants, William B. Le Roy, Amelia L. White, R. Nicholas Vandervoort, and Minnie A. Becker, filed a petition in the United States District Court of the Northern District of New York, praying to be adjudged bankrupts. On the 9th day of May, 1899, they were by said court declared and adjudged bankrupt. On June 27, 1899, an order was made by said court "that the discharge be, and the same is hereby, granted to the above-named bankrupts discharging and releasing them from all of their debts which are provable in bankruptcy, excepting only such as are exempt by the provisions of the act of Congress." A trustee in bankruptcy was appointed and qualified. Subsequently the defendants applied for leave to serve a supplemental answer, which was granted, and the order granting such leave was in accordance with the petition therefor; the material part of which order is as follows: "To make and serve herein an answer supplemental to the answers of the defendants herein, alleging that the defendants, William B. Le Roy, Amelia L. White, Minnie A. Becker, and R. Nicholas Vandervoort, as individuals and as members composing the firm of A. Le Roy & Son, bankrupts, were fully discharged of and from all debts and claims which, under the act of Congress entitled 'An act establishing a uniform system of bankruptcy throughout the United States' (Act July 1, 1898, 30 Stat. 544, c. 541 [U. S. Comp. St. 1901, p. 3418]), are made provable against their estate, and which existed on the 8th day of May, 1899." Supplemental answers accordingly were served by the defendants, and the action was referred to and tried before a referee, who reported in favor of the defendants except as to the real and personal property hereinbefore specifically mentioned, and that as to the property hereinbefore specifically mentioned said referee found that the transfers thereof were made and received for the purpose of hindering and defrauding the creditors of said William B. Le Roy and Amelia L. White respectively, and that the same were fraudulent and void.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Roberts, Becker, Messer & Groat (Nash Rockwood, of counsel), for appellants.

Stern & Rushmore (Charles E. Rushmore, of counsel), for respondents.

CHASE, J. It is conceded that the evidence given on behalf of the plaintiffs established that the transfers of real estate and personal property declared fraudulent and void by the judgment were made and received for the purpose of hindering and defrauding creditors. If such transfers had not been made, plaintiffs' judgment would have become a direct lien upon the real property mentioned, and, as the judgment was obtained more than four months prior to the filing of the petition in bankruptcy, the discharge of the judgment debtors would not have affected the lien of the judgment as against such real property. The transfers having been made fraudulently, and the transferees as well as the transferrors being concerned in the fraud, the transferees became trustees ex maleficio for the plaintiffs. Dewey v. Moyer, 72 N. Y. 70. The transferees have not transferred the real property, and they should account therefor to the plaintiffs. If the appellants had desired to raise the question that the action should have

been prosecuted in the name of the trustee in bankruptcy, they should have so stated in their answer. Dewey v. Moyer, 72 N. Y. 70. The foundation of the plaintiffs' claim, so far as the real property is concerned, is the judgment obtained and docketed by them more than four months prior to the filing of the petition in bankruptcy. Plaintiffs had no lien on the personal property even in equity, prior to a date four months before the filing of such petition; consequently, under the provisions of section 67 of the national bankruptcy law (Act July 1, 1898, 30 Stat. 564, c. 541 [U. S. Comp. St. 1901, p. 3449]), the equitable title passed to the trustee as a part of the estate of the bankrupt.

The judgment should be modified by striking therefrom that part thereof relating to the personal property, and, as so modified, affirmed, without costs to either party. All concur, except CHESTER, J., not voting.