DRAYTON HILLYER and Others, Respondents, *v.* WILLIAM B. LE ROY and Others, Appellants, Impleaded with Others.

*Bankruptcy — a judgment recovered more than four months before proceedings in bankruptcy were instituted, enforced against real property conveyed in fraud of creditors, but not as against personal property so conveyed — objection that the creditor's action should be prosecuted by the trustee in bankruptcy — it should be set up in the answer.*

A discharge in bankruptcy obtained in proceedings instituted more than four months after the entry of a judgment against the bankrupt, and about a month after the judgment creditor had commenced an action to set aside conveyances of real and personal property fraudulently made by the judgment debtor, prior to the entry of the judgment, to parties having knowledge of the fraud, is not a bar to the maintenance of the creditor's action so far as the real property

fraudulently transferred is concerned, but is a bar to the maintenance of the action so far as concerns the personal property fraudulently transferred.

The objection that the action to set aside the fraudulent conveyances should have been prosecuted in the name of the trustee in bankruptcy is not available to the defendants, where they have neglected to set up that fact in their answer.

APPEAL by the defendants, William B. Le Roy and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Albany on the 24th day of July, 1902, upon the report of a referee.

The plaintiffs obtained a judgment against the defendants William B. Le Roy, Amelia L. White, R. Nicholas Vandervoort and Minnie A. Becker on the 3d day of December, 1897, for $17,723.97 upon promissory notes given by said judgment debtors for wool purchased by them of the said plaintiffs, which judgment was on that day docketed in the office of the clerk of the county of Albany. Execution was issued upon said judgment to the sheriff of the county of Albany, and returned wholly unsatisfied. After the purchase of said wool, and before the said judgment was obtained, the defendant William B. Le Roy transferred to his wife, the defendant Elizabeth Le Roy, certain real estate in Cohoes, described in the judgment. The said Amelia L. White transferred to her husband, the said defendant James White, two houses and lots in the city of Cohoes, described in the judgment, and, by a separate conveyance, a certain other house and lot in the city of Cohoes, described in the judgment, together with certain personal property mentioned in the judgment. This action was commenced on the 30th day of March, 1899, to obtain a judgment declaring said transfers of real and personal property, together with many other transfers of real property, fraudulent and void as against the plaintiffs, and to require the defendants to account to the plaintiffs for the property so fraudulently transferred. At the time of the commencement of the action a *lis pendens* was filed in the office of the clerk of the county of Albany. Answers were interposed by the several defendants. On May 8, 1899, said defendants William B. Le Roy, Amelia L. White, R. Nicholas Vandervoort and Minnie A. Becker filed a petition in the United States District Court for the northern district of New York, praying to be adjudged bankrupts. On the 9th day of May, 1899, they were, by said court, declared and adjudged bankrupt. On June 27, 1899,

an order was made by said court, "That the discharge be and the same is hereby granted to the above-named bankrupts discharging and releasing them from all of their debts which are provable in bankruptcy, excepting only such as are exempt by the provisions of the Act of Congress." A trustee in bankruptcy was appointed and qualified. Subsequently the defendants applied for leave to serve a supplemental answer in the creditor's suit, which was granted, and the order granting such leave was in accordance with the petition therefor, the material part of which order is as follows: "To make and serve herein an answer supplemental to the answers of the defendants herein, alleging that the defendants William B. Le Roy, Amelia L. White, Minnie A. Becker and R. Nicholas Vandervoort, as individuals and as members composing the firm of A. Le Roy & Son, bankrupts, were fully discharged of and from all debts and claims which, under the Act of Congress entitled 'An Act establishing a uniform system of bankruptcy throughout the United States,' are made provable against their estate and which existed on the 8th day of May, 1899." Supplemental answers accordingly were served by the defendants, and the action was referred to and tried before a referee, who reported in favor of the defendants, except as to the real and personal property hereinbefore specifically mentioned, and as to the property hereinbefore specifically mentioned said referee found that the transfers thereof were made and received for the purpose of hindering and defrauding the creditors of said William B. Le Roy and Amelia L. White, respectively, and that the same were fraudulent and void.

*Nash Rockwood*, for the appellants.

*Charles E. Rushmore*, for the respondents.

CHASE, J.:

It is conceded that the evidence given on behalf of the plaintiffs established that the transfers of real estate and personal property declared fraudulent and void by the judgment were made and received for the purpose of hindering and defrauding creditors. If such transfers had not been made, plaintiffs' judgment would have become a direct lien upon the real property mentioned, and as the judgment was obtained more than four months prior to the filing of

the petition in bankruptcy, the discharge of the judgment debtors would not have affected the lien of the judgment as against such real property. The transfers having been made fraudulently, and the transferees as well as the transferers being concerned in the fraud, the transferees became trustees *ex maleficio* for the plaintiffs. (*Dewey* v. *Moyer*, 72 N. Y. 70.) The transferees have not transferred the real property, and they should account therefor to the plaintiffs.

If the appellants had desired to raise the question that the action should have been prosecuted in the name of the trustee in bankruptcy, they should have so stated in their answer. (*Dewey* v. *Moyer*, *supra*.) The foundation of the plaintiffs' claim so far as the real property is concerned is the judgment obtained and docketed by them more than four months prior to the filing of the petition in bankruptcy. Plaintiffs had no lien on the personal property even in equity prior to a date four months before the filing of such petition. Consequently under the provisions of section 67 of the National Bankruptcy Law (30 U. S. Stat. at Large, 564) the equitable title passed to the trustee as part of the estate of the bankrupt.

The judgment should be modified by striking therefrom that part thereof relating to the personal property, and as so modified affirmed, without costs to either party.

All concurred, except CHESTER, J., not voting.

Judgment modified by striking therefrom that part thereof relating to the personal property, and as so modified affirmed, without costs to either party.