HOWARD NEWLIN et al., Assignees, etc., Appellants, *v.* DARIUS LYON, Sheriff, etc., Respondent.

After it is shown to the satisfaction of the court or referee that an assignment was entered into by the assignor and assignee, with a common purpose of defrauding the creditors of the former, his acts and declarations after the assignment are competent evidence against the parties thereto, not to show the formation of the common purpose, but to prove its execution, extent and effect.

When the assignor continues in possession of the assigned property, his acts and declarations while in actual possession may be given in evidence as part of the *res gestæ.*

A party excepting to the conclusions of law of a court or a referee is not held to the same strict rule as in excepting to a charge. Where a charge is good in part and ill in part, the exception must point out the very part which is ill, so that the court, having its attention specifically called to it, may have an opportunity to correct the error; but exceptions to conclusions of law come after the power to rectify has passed from the court or referee, and the reason for the strict rule in the former case fails.

(Argued April 10, 1872 ; decided April 16, 1872.)

THIS is an action of replevin brought by plaintiffs as assignees of Hosea Ball to recover a quantity of stock and farming utensils. The defendant justified as sheriff of Westchester county, by virtue of certain judgments and executions against the assignor, claiming that the assignment was fraudulent and void as against creditors. Upon the trial the referee allowed proof of the acts and declarations of the assignor after the assignment, but while he remained in possession of the property, to which plaintiff excepted. The referee found the

fraud as set up in the answer. His second conclusion of law was:

" 2d. The defendant is entitled to judgment for the return of the property taken from him by the plaintiffs in this action, or the value thereof, which is assessed at $10,000, in case a return thereof cannot be had and damages for taking and withholding the same, besides his costs in this action."

Plaintiffs excepted generally " to the second conclusion of law."

The amount of the various executions in defendant's hands, with interest, was $2,020.13. The judgment was for the full value of the property, in case return could not be had.

*Samuel A. Noyes* and *Samuel Hand* for the appellants.

*N. C. Moak* for the respondent.

FOLGER, J., reads opinion for reversal and new trial, unless defendant stipulates to reduce the recovery to $2,020.13, with interest from August 1, 1869, and if so reduced, judgment affirmed, with costs to the respondent. ALLEN, GROVER, PECKHAM and RAPALLO, JJ., concur.

Judgment accordingly.