THE CITY BANK OF ROCHESTER, RESPONDENT, *v.* DAVID H. WESTBURY, APPELLANT.

IGNATZ THALIMER, RESPONDENT, *v.* DAVID H. WESTBURY, APPELLANT.

*Chattel mortgage — void, when the mortgagor is to remain in possession and sell on credit.*

The defendant, a manufacturer of boots and shoes, being largely indebted, mortgaged to one of his creditors all his stock and goods manufactured and to be manufactured; it being agreed that he should remain in possession, continue to manufacture and sell, either for cash or on credit, in his discretion. The cash and the accounts, when sales were made on credit, to be transferred to the mortgagee, and applied on the debt; the accounts, however, only when they were collected.

*Held,* that the mortgage was fraudulent as to creditors and void.

*Ford* v. *Williams* (24 N. Y., 359); *Conkling* v. *Shelley* ( 28 N. Y., 360), distinguished.

Declarations of the mortgagor, while in possession, are admissible upon the question of intent as part of the *res gestæ.*

APPEAL from an order of a Special Term in Monroe county, denying defendant's motion to vacate a warrant of attachment in each of the above entitled actions.

The attachment was issued upon the ground that the defendant had made a fraudulent disposition of his property. The affidavit on which the warrant was granted tended to show that the defendant, who was a manufacturer of boots and shoes, was largely indebted on 17th May, 1878, and on that day mortgaged to Casing, Weicher & Co. all his stock and goods manufactured and to be manufactured, and that by agreement with the mortgagees he continued in possession of said stock and goods, and continued to manufacture and sell the same for his own use. The affidavit in support of the motion to vacate the attachment undertook to show that the mortgagor continued in possession as the agent of the mortgagees, to sell the property and apply its proceeds to the the payment of debt due to them, and not for his own benefit, and that the arrangement was made in good faith and without intent to defraud other creditors. The plaintiff read answering affida-

vits, and the judge at Special Term held that, upon the whole case, as disclosed by the affidavits, the presumption of a fraudulent intent, arising from the continued possession of the mortgagor, was not repelled, and was conclusive, and upon that ground he denied the motion.

*J. S. Garlock*, for the appellant.

*J. B. Perkins*, for the respondent.

SMITH, J. :

The *bona fides* of the indebtedness which the mortgage in this case was given to secure is not questioned. The case of *Ford* v. *Williams* (24 N. Y., 359) is therefore an authority for holding that if the parties to the mortgage had agreed that the mortgagor should keep possession and sell the goods for cash, paying over the moneys to the mortgagees, the agreement would not have been fraudulent in law, and if in fact made with an honest intent would have warranted the conclusion that the mortgage was valid as against the claims of other creditors. To the same effect is *Conkling* v. *Shelley* (28 N. Y., 360).

The counsel for the appellant relies upon those cases, but we do not think they aid him. This case differs from them in some material particulars. By the agreement in this case, as we gather it from the testimony, the mortgagor was not restricted to sales for cash, but he was at liberty to sell on credit at his unlimited discretion. That the parties so understood the agreement, and so acted upon it, is plainly to be inferred from the statement in the affidavit of the defendant that he assigned to the mortgagees " accounts as fast as made by sales," which statement is confirmed by the affidavit of Weicher, one of the mortgagees. Perhaps this would not have taken the case out of the doctrine of *Ford* v. *Williams*, if the agreement had provided that the accounts should be applied at their face in payment of the mortgage debt at the time of transfer. But that does not appear to have been the case. It is to be presumed that the parties to the agreement have stated it as favorably for themselves as they could do truthfully. We may therefore assume that the terms of the agreement did not require that accounts transferred to the

mortgagees should be applied in extinguishment of their debt till actually collected in. If such was the arrangement with the mortgagees it enabled the mortgagor to sell his entire stock on credit, and keep his other creditors at bay. In that aspect the transaction was fraudulent *per se.* But the actual conduct of the parties was worse for creditors than even that arrangement would have been if it had been lived up to. There is evidence tending to show that in several instances accounts for sales on credit were not transferred to the mortgagees, but were kept by the mortgagor and collected by him. Furthermore, the evidence discloses certain other indicia of a fraudulent intent, which did not attend the cases above cited. It showed that the mortgagor ostensibly carried on the business after the execution of the mortgage, in the same manner in all respects as before ; that he did not profess to be acting as the agent of the mortgagees, but conducted the business in his own name and apparently on his own account ; that he paid his hands with money received from sales of goods ; and that the sales he made on credit were in his own name.

The acts and declarations of the mortgagor while in actual possession were competent evidence upon the question of intent, as part of the *res gestæ.* (*Newlin* v. *Lyon*, 49 N. Y., 661.) Even treating the question of fraud as one of fact, depending on the intent, we think the evidence warranted the conclusion of the judge at Special Term. We lay out of view the statements in the affidavit, on the part of the plaintiff, that the mortgagor deposited moneys received from the business in bank, in his own name, and drew against them, and that he procured discounts at bank for his own credit, of notes given by his customers, as those statements seem to be based wholly on information derived from entries in the bank books, which are not evidence as against the parties to the mortgage. The order should be affirmed.

The like result in the case of *Ignatz Thalimer*, respondent, against the same defendant, appellant.

Mullin, P. J., and Talcott, J., concurred.

Orders denying motions to vacate attachments affirmed, with ten dollars costs, and disbursements in each case.