GEORGE P. HIER, Respondent, *v.* HELEN M. STAPLES, impleaded, etc., Appellant.

In an action upon a contract executed by a married woman it is not necessary to allege in the complaint that the contract was executed in her business, or for the benefit of her separate estate, nor is it necessary to ask judgment charging her separate estate, but the complaint may be framed as if defendant was a *feme sole :* and if coverture is interposed as a defence, testimony proving the contract to be enforceable against a *feme covert* is proper in reply.

An objection to the joinder of a maker and a guarantor of a promissory note, as parties defendant, is waived by an omission to raise it by demurrer or answer, and cannot be raised upon the trial, and a several judgment may be rendered against either.

(Argued May 12, 1872; decided September term, 1872.)

APPEAL from a judgment of the General Term of the Supreme Court in the fifth judicial district, affirming a judgment in favor of plaintiff entered on the decision of the court, upon trial at Circuit, with a jury.

The action was brought against the appellant, as the indorser of two promissory notes made by her co-defendant, bearing date July 6th, 1865.

The complaint alleged the making and delivery of the notes by Orrin G. Staples to the appellant, and that she indorsed and delivered the same to the plaintiff, at the same time guaranteeing the payment thereof, and it contained the ordinary averments of demand of payment and notice of protest for non-payment.

The answer of the appellant did not deny any of the allegations in the complaint, but she set up as a defence that, at the time the said notes and the payment thereof were guaranteed by her as in the said complaint alleged, she was a married woman, and that said indorsement and guaranty as to each of said notes were without consideration, and as an accommodation to her co-defendant, and that the same were not for her benefit or for the benefit of her separate estate. The issues were tried before a single judge, without a jury. On the trial the plaintiff admitted that the defendants were

husband and wife. The plaintiff then introduced testimony proving that the appellant carried on business in her own name, and that the notes were given for goods sold by him to her, and upon her credit.

This evidence was objected to by her as inadmissible under the complaint, and admitted against her exception.

The notes were then read in evidenc, with the certificate of a notary public of due protest and notice. The indorsement on each of the notes, by the appellant, was as follows :

"For value received, I hereby guarantee the payment of the within note, unconditionally, out of my separate estate.

                       "H. M. STAPLES.

"Watertown, *July* 6th, 1865."

The appellant thereupon moved to dismiss the complaint on the following grounds :

1st. It appeared on the face of the complaint that the wife was surety for her husband, and as such could not be charged.

2d. There is no allegation in the complaint upon which proof can be given that the debt was her debt, or contracted for the benefit of her estate.

3d. To enable the plaintiff to recover, judgment should have been demanded to charge her estate for the debt, and not a general judgment for money.

4th. There can be no joint recovery against the defendants as maker and guarantor of the notes, as maker and guarantor cannot be jointly charged. Which several propositions were overruled, the motion denied and defendant duly excepted.

The judge who tried the issues found, as facts, that the defendant, Orrin G. Staples executed and delivered to the defendant, Helen M. Staples, the notes described in the complaint, for value received; that she indorsed the same to the plaintiff, who was the owner thereof, and that the same were properly protested for non-payment, and found $270.42 due for principal, interest, protest, postage and stamps, for which judgment with costs was ordered, and subsequently entered. No exception was taken to said decision.

*Bradley Winslow* for the appellant. Plaintiff could recover against defendant only on the ground that she had a separate estate or business. (*Corn Ex. Ins. Co.* v. *Babcock*, 42 N. Y., 625, 649.) The complaint must set forth all the material and issuable facts relied on to sustain plaintiff's right of action. *Mann* v. *Morewood*, 5 Sandf., 558, 564; *Oswego & Syr. Plank-road Co.* v. *Rust*, 5 How., 390; *Lienan* v. *Lincoln*, 2 Duer, 670; *Garvey* v. *Fomer*, 4 Sand., 665; *Bristol* v. *Rens. & Sar. R. R. Co.*, 9 Barb., 158.) Maker and guarantor of a note cannot be joined in the same action. (*Allen* v. *Fosgate*, 11 How., 218; *Brewster* v. *Silence*, 4 Seld., 207–215; *Ridder* v. *Schemerhorn*, 10 Barb., 638; *Brown* v. *Curtiss*, 2 Comst., 225.)

*Amasa J. Parker* for the respondent. Plaintiff had a right to prove that defendant was carrying on business in her own name. (*Brown* v. *Curtiss*, 2 Comst., 225.) The objection that the maker and guarantor could not be joined in this action is not tenable. (Code, § 120; *Farmers' Bk.* v. *Blair*, 44 Barb., 642; *Kelsey* v. *Bradbury*, 21 id., 531, 540; *Churchill* v. *Trapp*, 3 Abb. Pr., 306; *Higgins* v. *Freeman*, 2 Duer, 650.) If there was a misjoinder, defendant, not having objected by demurrer or answer, will be deemed to have waived it. (*Corn Ex. Ins. Co.* v. *Babcock*, 42 N. Y., 593.) The judgment is proper in form. (S. L., 1862, § 7; *Barton* v. *Beer*, 35 Barb., 78; 21 How. Pr., 309; *Porter* v. *Mount*, 41 Barb., 561; *Klen* v. *Gibney*, 24 How., 21; *Schmidt* v. *Costa*, 2 Daley, 251.)

LOTT, Ch. C. The evidence objected to by the appellant was admissible to show that the fact of the appellant's coverture was not available as a defence. It tended to establish that the note was given for a debt incurred by herself, in the course of business transacted on her sole and separate account, which she could legally contract and be sued for in the same manner as if she were a *feme sole*, under chapter 90 of the Laws of 1860, as amended by chap. 172 of the Laws of 1862,

and that it was given for her own benefit upon a good and sufficient consideration, and not for the accommodation of her husband. In short, it showed a state of facts rendering the question of coverture wholly immaterial. (See *Barton* v. *Beer*, 35 Barb., 78; *Porter* v. *Mount*, 41 id., 561.) Earl, Com'r, in *The Corn Exchange Ins. Co.* v. *Babcock* (42 N. Y., 642), properly says, that a *feme covert*, in this State, is "bound like a *feme sole* by all her contracts made in her separate business or relating to her separate estate within the meaning of the acts of 1848, 1849, 1860 and 1862, and such contracts can be enforced in law or equity, as the case may be, just as if she were a *feme sole*." All the evidence must, therefore, be considered as properly admitted.

The question, then, remaining to be considered is, whether the motion to dismiss the complaint was properly denied.

A brief reference to the several grounds on which the motion was founded will show that neither of them was sufficient.

1. The first ground is based on the unauthorized assumption that the complaint on its face shows that the appellant was surety for her husband. The fact of such suretyship, in the proper use of the term, is not alleged in the complaint, nor is it inferable from any statement therein. It is alleged that the appellant indorsed the notes, at the same time guaranteeing the payment thereof. There is no denial of that allegation.

2. The second ground is substantially the same as that which was urged against the admissibility of the evidence introduced to show that the note was given for the appellant's debt, contracted in carrying on business in her own name, and is answered by what has been said on that question.

3. The third ground is wholly untenable. There were no allegations in the complaint that justified a prayer for a special judgment, charging the appellant's estate with the debt, but the form of relief demanded was immaterial so far as it affected the appellant. The court may, after answer, grant a plaintiff any relief consistent with the case made by the com-

plaint and embraced within the issue, and is not confined or limited to that demanded in the complaint (Code, § 275), and judgment may, in an action brought against a married woman, be given against her in the same manner as against other persons. (Id., § 274.) The judgment demanded was, in fact, strictly consistent with the facts stated in the complaint and proved on the trial, and it is conformable to, and sustained by, the decision in the case of *The Corn Exchange Insurance Co.* v. *Babcock, supra.*

4. The fourth ground was clearly unavailable on the motion to dismiss the complaint. So far as it relates to a misjoinder of parties or causes of action, the objection was waived by the omission to raise it by demurrer or answer. (Code, § 148.) Again, assuming that there could not be a joint recovery against both defendants, that would not prevent a several judgment against either of them. (Code, § 274.)

It follows from the views above expressed that the judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.