FORT STANWIX BANK, Respondent, *v.* ABRAHAM W. LEGGETT et al., impleaded, etc., Appellants.

In an action brought by a judgment creditor to reach property fraudulently transferred by the debtor to his wife, the fact that the debtor has made a general assignment for the benefit of creditors is not a defence. It is not for the fraudulent debtor or his wife to guard any interests acquired by the assignee; he alone must assert them; they can only object that the assignee is not made a party, and if such objection is not presented by demurrer or answer, it is waived.

(Argued January 11, 1873; decided March term, 1873.)

APPEAL by defendants, Abraham W. Leggett and Phœbe B. Leggett, from judgment of the General Term of the Supreme Court in the second judicial district, affirming a judgment in favor of plaintiff, entered on the decision of the court at Special Term.

This action was brought by plaintiff, as judgment creditor of Abraham W. Leggett, to set aside a deed executed by the latter to James R. Leggett, and one by the latter to Phœbe, wife of Abraham W. Leggett, as fraudulent and void.

The facts sufficiently appear in the opinion.

*Amasa J. Parker* for the appellants.   If the conveyance was fraudulent, no one except the assignee could bring an action to set it aside.   (S. L. 1858, chap. 314, p. 506.)   Plaintiff could only maintain an action after the assignee had refused to prosecute, and then it could only be maintained in behalf of all the creditors and by making the assignee a party. (*Osgood* v. *Laytin*, 5 Abb. [N. S.], 1; *Robinson* v. *Stewart*, 10 N. Y., 189; 3 Keyes, 521; *Bate* v. *Graham*, 11 N. Y., 237; *Brookman* v. *Hammil*, 43 id., 564, 565.)

*A. H. Bailey* for the respondent.   Subsequent as well as existing creditors may attack and set aside a conveyance of their debtor shown to be fraudulent in fact.   (*Savage* v. *Murphy*, 8 Bosw., 75; S. C., 34 N. Y., 508; 1 R. L. 1813, 75; *Livingston* v. *Reade*, 3 J. Ch., 481; *Jackson* v. *Seward*, 5 Cow., 72, 83; S. C. in Error, 8 Cow., 406; *Wadsworth* v. *Havens*, 3 Wend., 411; 2 R. S. [1830], 137, § 1.)   The statute of frauds can never be set up as a support and protection of fraud.   (*Hosford* v. *Mervin*, 5 Barb., 51; *Mead* v. *Gregg*, 12 id., 655; *Willard* v. *Vanderveer*, 1 id., 609; Story's Eq. Jur., § 330; *Carpenter* v. *Roe*, 10 N. Y., 227.)   The rule that a creditor having exhausted his remedy at law may bring this action, and by bringing it ahead of other creditors obtain a first lien upon such property, is well settled.   (*Hammond* v. *H. R. Iron Co.*, 20 Barb., 378; 2 Van Santvoord's Eq. Pr., 126, and cases cited; 2 R. S., 174, § 38; *Bennett* v. *McGuire*, 58 Barb., 625.)   Statutes in derogation of the common law must be construed strictly.   (Sedgwick on Stat., §§ 123, 127, 313, 317.)

REYNOLDS, C.   It appears that from about 1853 to 1860 the defendants, Abraham W. Leggett and David Ludlam, Jr., composing the mercantile firm of Ludlam & Leggett, had continuous dealings with the plaintiff in the way of borrowing money in some form, and the result was that the firm became insolvent, owing the plaintiff a large amount of money; so that on the 25th of March, 1861, the plaintiff obtained a

judgment against Ludlam & Leggett as copartners or joint debtors for $19,279.41, upon which executions were duly issued to various counties and returned unsatisfied. In the mean time the defendant, Abraham W. Leggett, by voluntary conveyance, put the title of certain of his real estate in Brooklyn in his wife, the defendant, Phœbe W. Leggett. In due time the plaintiff commenced this action to subject the real estate thus conveyed to the payment of the judgment and succeeded, and I do not understand that the judgment below is not entirely correct, unless affected by the fact now to be mentioned. It is claimed on behalf of Leggett and wife, who are the appellants, that on the 17th of January, 1861, the firm of Ludlam & Leggett made a general assignment to James H. Graham for the benefit of creditors, and the fact appears to be so, although not found by the referee or noticed on the trial in any form. Graham is not a party to the suit, and, so far as we know, makes no claim against the plaintiff; and it is quite clear that any judgment we may pronounce in this case will not affect any legal rights he may have or shall hereafter choose to assert. It is enough, now, that he is not a party to this suit. No objection was made in the answer or on the trial that he was not made a party, by any one, and it is not for the fraudulent debtor and his wife, who have no interest whatever in the fund, to undertake to guard any rights the assignee may possibly have. If he has any, he alone must assert it.

Besides, under some circumstances an action might be maintained by the creditor in his own name to set aside the fraudulent conveyance, even though it should be conceded that the statute of 1858, chapter 314, vested the cause of action in the general assignee alone. If the assignee were in complicity with the fraudulent parties, or refused on request to be plaintiff, then the creditor might, as plaintiff, assert the right. (*Bate* v. *Graham*, 11 N. Y., 237.) And although the assignee was not made a party, that would be an objection which, if not raised by demurrer or answer, would under the Code be waived. (Code, § 148.) It is, therefore, obvious

that if the objection, that under the statute the assignee was vested with the cause of action, had been distinctly presented either on the pleadings or on the trial, it would not necessarily have been insuperable, but might have been overcome by suitable proof in anwer to it on the part of the plaintiff. Not having been taken at the trial, we are now bound to assume that it could have been so answered by proof, and we ought, therefore, on well settled principles, to disregard the objection here.

The judgment should be affirmed.

All concur; Lott, Ch. C., not sitting.

Judgment affirmed.