## TAFT v. WRIGHT *et al.*

*Statute of limitations. Fraudulent conveyance. Assignment for benefit of creditors.*

Plaintiff, as assignee of a judgment against W., brought action in 1871, to set aside as fraudulent a conveyance of real estate made by W. in 1862. It appeared that plaintiff's assignor had notice of the conveyance, and its character, in 1862. *Held,* that the action was barred by the limitation contained in Code, § 91, subd. 6.

After the judgment in question was obtained W. made an assignment under the statute, for the benefit of his creditors. *Held,* that the judgment

creditor was entitled notwithstanding such assignment to bring action to set aside the conveyance as fraudulent.

APPEAL, by both parties, from a judgment entered in favor of the plaintiff, Amariah A. Taft, for $4,244.83, damages and costs, upon the report of a referee. The action was brought by the plaintiff, Amariah A. Taft against Caroline M. Wright individually and and as administratrix of the estate of John B. Wright, deceased, and two other defendants, David B. Babcock and Margaret Hill. The referee ordered judgment for the above amount against Wright and Babcock only, and dismissed the complaint as to Margaret Hill. The facts sufficiently appear in the opinion.

*Enos N. Taft* and *Addison Brown*, for plaintiff.

*Wm. W. Badger* and *J. M. Van Cott*, for defendant Caroline M. Wright.

*Lewis Hurst*, for defendant David B. Babcock.

*R. H. Chittenden*, for defendant Margaret Hill.

TAPPEN, J. The plaintiff, by assignment, in the year 1864, became the holder of a judgment recovered by one John H. Pearson against John B. Wright on the 7th of March, 1862, for $5,201. The complaint is in the nature of a creditor's bill, and seeks to have adjudged as fraudulent and void a conveyance made by Wright to his wife, the defendant Caroline M. Wright, through one Frederick A. Coe, on December 26, 1861, of the house and lot 40 Pierrepont street, Brooklyn ; also to have certain other property or securities which came to this defendant Caroline, on a sale of that property, decreed to be the property of the judgment debtor.

The Pierrepont street property so conveyed by the debtor, was subject to two mortgages to one Frederick A. Spies, on which a balance of $8,000 was unpaid, and mortgage made on November, 1859, for the sum of $12,000 by Wright to the defendant, Mrs. Hill, his mother-in-law, and by her, at or about the same time, assigned without consideration to her daughter, the defendant Caroline Wright.

Mrs. Wright sold the Pierrepont street property in April, 1863, and invested $13,000 arising from the sale in the purchase of the

premises No. 60 Montague street, and took conveyance thereof to herself, and in September, 1864, she sold the Montague street property for $8,000 in cash and $10,000 in bond and mortgage, which she held at the commencement of this action, and which plaintiff seeks to make subject to the payment of his judgment against Wright.

Mrs. Wright insists that her husband was her debtor, and that there was full value by reason of such indebtedness for all property which came to her by the conveyance and mortgage in question. It is insisted also by her, that the statute of limitations bars this action, and further, that by reason of a general assignment for the benefit of creditors, made by Wright in May, 1862, the right to bring an action of this nature is by the act of 1858. (Laws 1858, chap. 314), vested in the assignee, and that a judgment creditor cannot maintain it.

With respect to the Pierrepont street property, Mrs. Wright claims that the conveyance to her was in execution of a trust. It had been purchased, in the year 1858, from said Spies for $18,000, of which $6,000 was paid down, and two mortgages given to Spies, one for $9,500, and one for $2,500 for the balance of purchase-money. These mortgages were reduced by a payment of $2,500, August 25, 1859, and $3,500, May 2, 1860, and the defendant, Mrs. Hill, took an assignment of the $2,500 mortgage to secure $2,000 which she advanced in making these payments. And the principal question here is, who was the real party in interest in buying the Pierrepont street property, and whether the moneys used in making the purchase and in paying off the Spies mortgages, were the moneys of Wright or equitably of his wife.

If it can be substantiated, that Mrs. Wright's equitable claims against her husband were in amount equal to the sum she realized from the Pierrepont street property ($13,000), it follows, that there was a valuable consideration for the conveyance to her, and such conveyance is valid and effectual if made by reason of such indebtedness.

The referee has found that the indebtedness of Wright to his wife was about $10,490.59, which she was entitled to retain to her own use out of the $13,000 net proceeds of the Pierrepont street property, leaving a balance in her hands of $2,509.41, which he adjudged to have been received and held by her, as an equitable trustee, bound to account therefor to any pursuing creditor of her husband. Both the plaintiff and defendant excepted to the findings, and

each brings an appeal, the plaintiff claiming that the credits to be allowed Mrs. Wright should not exceed $4,000 or thereabouts.

Mrs. Wright, among the claims against her husband, presented one for $1,500, being the amount of a legacy from her grandfather, which she avers came to her husband's hands in January, 1857; that certain profits arising thereon came to $500 which was used by her husband by her request in making a payment on the Spies mortgage on August 25, 1859. These items were not allowed by the referee, but were rejected by him on the ground that the proof that Wright received this legacy was uncertain, and if he did receive it, that it was used by him for his wife in other ways.

Mrs. Hill, under examination at the trial of this case, as a witness called by plaintiff, testified, that Wright received the $1,500 legacy and invested it in Ocean Bank stock about January, 1857, that it was afterward sold, and the proceeds used to pay the $3,500 Spies mortgage before referred to.

From a perusal of the evidence, it seems to be sufficiently established, that the defendant Caroline should have credit for this legacy, and for what it produced in income, and with these sums allowed as owing to her from her husband, it will appear that the $13,000 realized by her from the Pierrepont street property on its sale by her in April, 1863, did not entirely suffice to repay her the money and interest which her husband had received for her use.

From this conclusion, it follows that there was no balance in her hands as found by the referee, for which she could be called on to account to the creditors of the husband.

With respect to the statute of limitations, the Code, section 91, subdivision 6, provides a limitation of six years for the bringing of an action for relief on the ground of fraud, the cause of action not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud.

The plaintiff prosecutes as the assignee of John H. Pierson, the judgment creditor, who, previous to the assignment, took proceedings by a bill in equity against the judgment debtor for a discovery and to enforce payment of the judgment. These proceedings were pending from May, 1862, till October, 1862. The judgment debtor was examined therein on October, 16, 1862, and stated that he had conveyed the dwelling-house on Pierrepont street to Frederick A. Coe. Mr. Sidney Webster testifies, that he was Pierson's attorney in that proceeding, and that the fact or impression remaining in his

memory is that Coe was in collusion with Wright to prevent Wright's creditors getting access to his property.

Of course when the plaintiff took the judgment from Pierson, he took it charged with the notice to or knowledge of Pierson touching the conveyance which is claimed to be fraudulent. The attorney of Pierson had this notice or knowledge as- early as October, 1862, and his notice or knowledge obtained in a proceeding instituted for the benefit of Pierson, is sufficient to charge his client therewith. With respect to information to Pierson, the same witness says, " Judging from the usual course of my business, I must have informed him of what. happened, but am unable to say when or how." There are other indications that the transactions of Wright with respect to the property were known to Pierson as a prosecuting creditor during the year 1862.

As this action was commenced in May, 1871, more than six years thereafter, the statute was well pleaded, and is a bar to the maintenance of the action. *Gates* v. *Andrews,* 37 N. Y. 657; 1 Hoff. Ch. 156; 15 N. Y. 505; 3 Sandf. 482; 41 N. Y. 164.

The remaining point that in case of an assignment for benefit of creditors, the assignee, being vested with the title, is the only person qualified to bring the action, is not well taken; Pierson was a judgment creditor of Wright before the assignment, and the assignee took subject thereto. *Stanwix Bank* v. *Leggett,* 51 N. Y. 552; *Chautauqua Bank* v. *Risley,* 19 N. Y. 375.

Exceptions were taken to the rulings of the referee in admitting or receiving evidence, but they have not been considered here in view of the conclusion reached on the main question.

Upon the whole case, and the testimony, it seems quite evident, that at the time Mrs. Wright took the Pierrepont street property, it was claimed by her, that her husband had invested in it the proceeds of her separate estate, and that he was, in fact, her debtor to a considerable sum, and that at the time of the conveyance to her the value of the property did not exceed the mortgage liens upon it and the amount of her equitable claims. It was purchased of Spies in 1858 for $18,000, and its market value was but little, if any, greater in December, 1861, when conveyed to the defendant. When sold by Mr. Wright in the spring of 1863, it brought $21,000, the appreciation of $3,000 over the value of 1858 being simply the result of the impetus or inflation given to the values of all kinds of property by reason of the par of paper money.

The judgment should be reversed and a new trial ordered at special term, costs to abide event, but as to the defendant Margaret Hill, the judgment dismissing the complaint should be affirmed with costs.

*Judgment accordingly.*