8    65
15ap153

## BENJAMIN ANDREWS, RESPONDENT, v. CATHARINE A. MONILAWS, APPELLANT.

*Married woman — collection of debt, charged on her separate estate — should be by common law action — not by action for foreclosure — Judgment by default — Relief greater than that asked for in complaint — irregular.*

The defendant, a married woman, made her promissory note, in and by which she in express terms charged her separate estate. An action was brought (by service of summons for relief) to enforce the lien upon and' payment of the amount thereof out of the defendant's property. Defendant did not appear, and on default plaintiff obtained an order of reference to compute the amount due, and upon the report of the referee judgment was entered, adjudging and directing that the defendant's property so charged and described in the complaint be sold by a referee therein named, and that the defendant be barred of and from all equity of redemption in said premises, etc. The said premises were sold by such referee in pursuance of said judgment.

*Held*, that sections 274 and 287 of the Code provide the same remedy by judgment and execution against a married woman as the law affords against other persons, with the single qualification that the execution can be levied and collected only of her separate property.

That the statute having given a legal remedy which was adequate, there was no occasion for administering equitable relief.

That although formerly such a contract was treated as an appointment of or charge upon the separate estate of a married woman, and the only remedy for its enforcement was by bill in equity, yet that mode of proceeding had been entirely superseded by section 7 of chapter 172 of the Laws of 1862, which enacted that " a married woman may be sued in any of the courts of this State, and whenever a judgment shall be recovered against a married woman, the same may be enforced *by execution* against her sole and separate estate *in the same manner as if she were sole.*"

That such enactments were *in pari materia* with the special statutes for the protection of married women, and should be so construed as to insure to them the same protection against the sacrifice of their property -which the law gives to a *feme sole*, viz., levy, advertisement, right of redemption, etc.

That the more summary and expensive remedy pursued in this case of foreclosing a lien or charge, and thereby cutting off the right of redemption, was in contravention thereof.

A judgment, taken by default, giving greater relief than that demanded in the complaint, should be set aside.

APPEAL from an order made at Special Term, denying a motion to set aside a judgment against the defendant and a sale made in pursuance thereof. The defendant, Monilaws, a married woman,

executed her note at six months, dated April 1, 1873, for $188.16, with interest, to George Andrews, and in and by it charged her separate estate with the payment thereof. The note, before its maturity, was duly indorsed to the plaintiff, who, when it became due, demanded payment, and on failure to pay brought suit. A summons for relief and a verified complaint were served May 10, 1875. The latter demanded judgment for $188.16, with interest from April 1, 1873, and that defendant's property, describing it, be made chargeable with said indebtedness, and that it be sold under the direction of the court for the payment of said indebtedness, and that the plaintiff have such other order or relief in the premises as may be just, together with the costs in this action. Notice of *lis pendens* was filed May 25, 1875. No appearance, answer or demurrer was served by defendant, and plaintiff, on default, obtained an order of reference to compute amount due, and on the coming in of the report an order was made at Special Term confirming it, and adjudging that all and singular the premises mentioned in the complaint, or so much thereof as may be sufficient, be sold, etc., following the language of the ordinary judgment on the foreclosure of a mortgage, including the naming of the referee to sell, the execution of the deed to the purchaser, the barring of the equity of redemption, and disposition of the proceeds of sale, etc., including an allowance of two and a half per cent.

Upon an affidavit of the defendant, the judgment roll, and other papers herein, an order was obtained to show cause why the judgment and all subsequent proceedings should not be set aside on the ground :

1. That the summons was irregular, the same being for relief instead of contract.

2. That the damages should have been assessed by the clerk, and not by a referee, as the amount of plaintiff's claim was liquidated.

3. That the decree and part of judgment roll was irregular and void.

*a.* In ordering the premises to be sold by a referee.

*b.* In that it bars and forecloses the defendant of and from all equity of redemption.

*c.* In granting an allowance to plaintiff of two and one-half per cent.

· 4. That the bill of costs and taxation by the clerk was irregular and void.

*a.* In that the plaintiff was not entitled to fifteen dollars costs after notice of trial, the defendant not appearing.

*b.* Nor allowance by statute.

*c.* Nor allowance by the court.

*d.* Nor referee's fees.

*e.* Nor for filing *lis pendens*.

*f.* Nor for searches.

The motion was denied, and the defendant appealed to this court.

*Christian G. Moritz*, for the appellant.

*Joseph S. Ridgway*, for the respondent.

GILBERT, J.:

A promissory note of a married woman, made in the course of her separate business, or which is for the benefit of her separate estate, is a valid contract and may be enforced at law in the same manner as if she had not been married. Formerly such a contract was treated as an appointment of, or charge upon, the separate estate of the married woman, and the only remedy for its enforcement was by bill in equity. But that mode of proceeding to enforce such contracts has been entirely superseded by legislation. By section 7 of chapter 172 of the Laws of 1862, it is enacted, that a married woman may be sued in any of the courts of this State, and whenever a judgment shall be recovered against a married woman the same may be enforced by execution against her sole and separate estate in the same manner as if she were sole. Sections 274 and 287 of the Code provide the same remedy by judgment and execution against a married woman as the law affords against other persons, with the single qualification that the execution can be levied and collected only of her separate property. The language of these statutes is perfectly plain. If, however, they were susceptible of a construction against their manifest intent, which would enable us to uphold this proceeding, we should not apply it. The statute having given a legal remedy which is adequate, there is no occasion for administering equitable relief. The enactments cited

are *in pari materia* with the special statutes for the protection of married women, and they should be so construed as to insure to them the same protection against a sacrifice of their property which the law gives to *femes sole*, namely, levy, advertisement, right of redemption, etc. The more summary and expensive remedy pursued in this case, of foreclosing a lien or charge, thereby cutting off the right of redemption, which is given by statute to all persons whose lands have been sold on execution, we think is in contravention of those enactments. So are the authorities. (*Hier* v. *Staples*, 51 N. Y., 136; *Corn Ex. Ins. Co.* v. *Babcock*, 42 id., 613; *Peack* v. *Lemon*, 1 Lans., 295; *Baldwin* v. *Kimmel*, 16 Abb., 353; 1 Wait's Pr., 124.)

The judgment was taken by default, yet it gives the plaintiff greater relief than is demanded in the complaint. For that reason also it should be set aside. (Code, § 275.)

The order appealed from should be reversed, and an order should be entered vacating the judgment and all subsequent proceedings, with ten dollars costs at Special Term, and ten dollars costs on this appeal, besides disbursements.

Order reversed and motion granted with ten dollars costs of motion and ten dollars costs of appeal, and disbursements.