DANIEL N. CROUSE AND OTHERS, RESPONDENTS, v. LAURA FROTHINGHAM AND OTHERS, APPELLANTS.

*Parol agreement that an insolvent grantor shall have a three years' lease of the premises conveyed, as part of the consideration of the grant — when it will be enforced in favor of his creditors — when a judgment creditor, who has by an action to set aside a conveyance (brought after the refusal of an assignee to bring such action) secured property of the debtor, will not be required to turn it over to his general assignee.*

In an action by a judgment creditor to set aside as fraudulent a conveyance of real estate made by his debtor, it appeared that the debtor was, as a part of the consideration upon which the conveyance was made, to have the use and occupation of the cellar and lower story of the premises for three years, without paying any rent therefor, and that such use and occupation was worth $750. The court directed the sale of the premises and the payment to the creditor out of the proceeds thereof, of that sum.

*Held*, that the judgment was proper ; that if the reservation of the right to use and occupy the premises vested in the grantor a legal interest in the premises, it could be reached by his judgment creditors; that if the grantor obtained only a parol lease for three years, which was void under the statute of frauds, yet, as the consideration was wholly paid as between ·the grantor and the grantee, a court of equity would, in order to prevent irreparable loss, decree the performance of the contract, and that this equitable interest of the debtor could be reached by his creditors.

After the making of a general assignment, some of the creditors of the assignor, having recovered judgments against him, requested the assignee to bring an action to set aside a conveyance made by the assignor, which was alleged to be fraudulent as to his creditors. The assignee having declined so to do, the judgment creditors brought an action in their own name, to which he was made a party defendant, and in which he allowed a judgment to be taken against him by default.

*Held*, that the plaintiffs were entitled to have any property they might reach by the action applied upon their judgments, and that they should not be required to turn such property over to the assignee to be divided among the creditors generally.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court without a jury.

The action was brought by the plaintiffs as judgment creditors of the defendant Randolph upon two judgments, one of $1,087.49, recovered September 17, 1879, and the other of $535.71, recovered October 23, 1879.

The first count of the complaint alleged, in addition to the usual formal matters, that on the 18th of February, 1879, the defendant Randolph was the owner of a store in Hamilton village, of the value of $4,000, on which there were liens of about $2,300; that by an instrument purporting to have been made on the 18th of February, 1879, acknowledged August 2, 1879, he and his wife conveyed the said premises to Laura Frothingham, his daughter, in consideration of the payment of the mortgage liens thereon; that the conveyance was made to Laura as a device to cover a transfer to the defendant, Arthur Frothingham; that the transfer was designed by and between said Randolph and Arthur to defraud the creditors of Randolph, by putting the property beyond the reach of Randolph's creditors; that the old store upon the premises was torn down and a new one erected thereon, and that a large part of the money paid to cancel the liens on the store and to erect the new building was furnished by Randolph with the same fraudulent intent, and that Randolph had a valuable interest in the property which ought to be applied to the payment of the plaintiffs' judgment.

The second cause of action alleged that it was a part of the agreement made between Randolph and the said Arthur, that in addition to the consideration expressed in the deed, Frothingham should erect a new building on the premises, and lease the ground floor and cellar to Randolph for three years, without the payment of rent, or for a merely nominal or small sum; that such agreement had not been fulfilled, and that the Frothinghams refused to make such lease; also that the consideration expressed in the deed was grossly insufficient, and that the remaining value in the form of such lease constituted an equitable lien on the premises applicable to the payment of the plaintiffs' claims.

The complaint also alleged that on the 18th day of August, 1879 — this action was commenced in March, 1880 — Randolph made an assignment of all his property, real and personal, for the benefit of his creditors to the defendant Mott, who duly qualified and entered upon his duties as such assignee; that prior to the commencement of this action the assignee was duly informed of the facts thereinbefore stated, and declined to take any action, disavowed any intention to proceed and disclaimed all right and interest in any property which might be recovered by proceedings for that purpose.

The court decided in favor of the plaintiffs, and adjudged to them a lien upon the premises for $750 — subject to a mortgage for $4,000, which had been given by the Frothinghams to Ebenezer Dodge, who was not a party to the action — with costs to the plaintiffs, and directed a conveyance of the premises by Mrs. Frothingham and Randolph to a receiver appointed by the judgment, who was required to sell the premises for the payment of the plaintiffs' costs and the $750, with interest.

*R. A. Stanton*, for the appellants.

*Ward Hunt, Jr.*, for the respondents.

LANDON, J. :

The objections urged by the defendants, that the declarations of one defendant not forming part of the *res gestœ* of sale, were received in evidence against the others, do not appear to be sustained by the record. The declarations of a defendant are competent against himself, and the court was not asked to receive them against the others. Both Randolph and Frothingham in substance had stated, as witnesses testified, that part of the consideration of the sale was, that Randolph was to have the use of the building after sale, and the finding by the court in that regard is supported by evidence competent against each of them.

It was competent for the plaintiff to rebut the testimony of the defendants, though introduced as witnesses by himself. (Code Civ. Pro., § 838 ; old Code, § 393.) An effective way to do this was to prove the untruth of such testimony. As against either defendant his declarations out of court were competent for this purpose. That such evidence may incidentally tend to impeach the party called as a witness, does not impair its value as evidence upon the question at issue. It is a proceeding very different from introducing him as worthy of credit, and then directly proving that he is not.

The court found that the conveyance by Randolph was upon the consideration in part that Randolph was to have the use and occupation of part of the premises for three years without rent, and that such use and occupation was worth $750.

If such reservation was effectual to vest in Randolph a legal

interest in the premises to that extent, his judgment creditors can reach it. If the grantor simply obtained a parol lease for three years, and that is void by the statute of frauds, then, since the consideration for it was wholly paid, as between Randolph and his grantee, equity, in order to prevent irreparable loss, would decree the performance of it, and thus Randolph has an equitable interest of the same value, which his creditors can also reach. The statute of frauds cannot be set up as the support and protection of fraud. (Story's Eq. Jur., § 330; *Hosford* v. *Merwin*, 5 Barb., 51, 58; *Willink* v. *Vanderveer*, 1 Barb., 599.)

In either case, fraud upon the part of the grantee, or notice of any fraudulent intent upon the part of the grantor, is not essential, since the proceeding touches only the property, legal or equitable, which the grantor retains. Fraud upon the part of the grantor exists. A conveyance by one indebted at the time, by which the grantor secures some benefit to himself at the expense of his creditors, is fraudulent upon the part of the grantor as to his creditors. (*Young* v. *Heermans*, 66 N. Y., 382.) In this case the purchaser is protected to the extent of his actual purchase. His grantor only is deprived of that which he reserved, or intended to reserve, out of the property for his own benefit.

It is urged that since the grantor made a general assignment for the benefit of creditors before the plaintiffs obtained their judgments, the action cannot be maintained by the judgment creditors, but should have been brought by the assignee; or if by virtue of the refusal of the assignee to bring the action it may be properly brought by the judgment creditor upon making the assignee a party, the recovery, when had, must be for the creditors generally and in aid of the assignment.

The assignee having been made a party and suffered default, does not raise the question. No other party can assert his rights. The judgment in this action concludes him and protects the defendants from prosecution for the same cause at his hands. The right to maintain this action, residing either in the assignee or the judgment creditor, the default of the assignee when made a party leaves the judgment creditor's right uncontested; and since, but for the assignment, the judgment creditor's right by virtue of his vigilance to apply the property of the debtor to the payment of his own

judgment to the exclusion of the creditors generally would be complete, the same default leaves that right uncontested.

If there were to be any distribution of the assets of the judgment debtor among the creditors generally, it would have to be through the medium of the assignee. Frothingham is a creditor of the judgment debtor. He now claims that he can resist discovery until defeated, and then share in the assets discovered. It would be singular if, having aided the judgment debtor to create and to conceal these equitable assets, Frothingham could deny their existence and resist their discovery, and then when the plaintiffs, in a struggle with Frothingham, in which they are abandoned by the assignee, finally wrest them from his hands, they should be obliged to force the fruits of their victory into the hands of the reluctant assignee, and crave leave to share ratably with Frothingham in their distribution. Having made his election to resist the discovery of assets, Frothingham cannot now change sides and share in their distribution. If this action had been brought in behalf of creditors generally, no doubt the assets discovered could be administered by the assignee. (*Sands* v. *Codwise*, 4 Johns., 586; *Bate* v. *Graham*, 11 N. Y., 237.) But our courts have not felt it to be a duty to assert the rights of the assignee when he himself has abandoned them (*Fort Stanwix Bank* v. *Leggett*, 51 N. Y., 552); or to look beyond the record for other creditors among whom to dissipate the proceeds of the plaintiff's vigilance. (*Dewey* v. *Moyer*, 72 N. Y., 70.)

The judgment should be affirmed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.