# Cases

# FOURTH DEPARTMENT,

AT

# GENERAL TERM,

## July,* 1886.

HUGH T. JONES, AS EXECUTOR, ETC., OF THOMAS U. JONES, DECEASED, APPELLANT, *v.* WILLIAM T. JONES, RESPONDENT.

*Fraud against creditors—what proof admissible to sustain an action for money received from a deceased person — 1858, chap. 314, sec. 2.*

The complaint in this action, brought by the plaintiff, as executor of one Thomas U. Jones, alleged that the defendant had, on January 13, 1883, received $1,035 in money belonging to the testator, which he refused to pay after demand had been made therefor. Upon the trial it was shown that the money had been received on the day named, the defendant claiming title thereto by a gift from the testator, consummated on January 29, 1883. The plaintiff, to show that the gift was fraudulent as to the creditors of the testator, produced and offered to prove the execution of a note made by the testator on November 7, 1882, to the order of the plaintiff. The evidence was excluded by the court on the ground that it was not competent under the pleading.

*Held*, that this was error. (FOLLETT, J., dissenting.)

That the plaintiff had a right to show that he was a creditor of the testator in order to bring the case within the provisions of section 2 of chapter 314 of 1858, declaring that every person who shall, in fraud of the rights of creditors, have received and taken, or in any manner interfered with the estate, property or effects of any deceased person, shall be liable in the proper action to the executors or administrators for the property or its value.

That as the evidence was admissible under the issue as it stood, the plaintiff was not required to direct the attention of the court to the reasons for offering the evidence.

---

* Adjourned from April term, 1886.

**164**                           JONES *v.* JONES.

APPEAL from a judgment, entered in Oneida county upon a verdict directed at the circuit for the defendant; also from an order denying a motion for a new trial, made upon the minutes, on all the grounds allowed by law for such a motion. The court directed a verdict for the defendant and plaintiff excepted.

*Walter Ballou,* for the appellant.

*Bentley & Jones,* for the respondent.

HARDIN, P. J.:

The plaintiff brings this action as executor of Thomas U. Jones, deceased, having duly qualified as such. The complaint alleges that the defendant received $1,035 in money the 13th of January, 1883, which belonged to the testator.

The fact is shown, by the evidence given upon the trial, that on the day alleged the defendant did receive that sum of money through the express from the attorney in Boonville. That money belonged to the testator. The defendant sets up title to that money by a transfer in consummation of a gift alleged to have occurred on the 29th of January, 1883, and gave some evidence tending to show that such a transfer and gift were made by the testator to the defendant. Thereupon the plaintiff sought to overcome the force of such evidence of a gift and transfer by showing that the gift or transfer was a fraud upon the creditors of the testator, including the executor, who was interested in the estate and a creditor. To make such proof the plaintiff "produced and proved the execution of a note made by Thomas U. Jones, dated November 7, 1882, whereby he promised to pay Hugh T. Jones, or bearer, the sum of eleven hundred and fifty dollars on demand with use, for value received, and offered said note in evidence. The same was objected to and excluded by the court on the ground that it was not competent under the pleadings." Plaintiff excepted to the ruling.

Section 2 of chapter 314 of the Laws of 1858 declares " that every person who shall, in fraud of the rights of creditors and others, have received, taken, or in any manner interfered with the estate, property or effects of any deceased person, * * * shall be liable in the proper action to the executors, administrators * * * for the same, or the value of any property or effects so received or taken."

The plaintiff, as before stated, had alleged that the defendant had received the money of the testator. Defendant had alleged a gift of it and gave proof to that effect. Plaintiff then had a right to show, by way of avoidance of the gift, that it was in fraud of his rights as executor as well as of himself as a creditor. To bring the case within the provisions of the statute of 1858, plaintiff had a right to show that he was a creditor of the testator at the time of the alleged gift. The plaintiff offered to read in evidence a note made by the testator, dated November 7, 1882, for $1,150. The transfer or gift by testator was not until January 29, 1883. We think the evidence, when offered, was legitimate, and that the court erred in excluding it. Plaintiff had alleged the taking and receipt by the defendant of testator's property at a time subsequent to the note, and those allegations were sufficient to bring the action within the provision of the statute of 1858. The issue, at the time the evidence was offered, was as to the validity of the gift as against the creditors of the testator. The evidence bore upon the issue. The pleadings were sufficient to enable the plaintiff to assert the invalidity of the transfer. (Laws of 1858, chap. 314; *Barclay* v. *Quicksilver Mining Co.*, 6 Lans., 32; *Potts* v. *Hart*, 99 N. Y., 170.)

In the case last cited the complaint was general, "alleging that the defendants wrongfully took and carried away," etc. The answer was a general denial, but a recovery was upheld under the statute of 1858. The act of 1858 has given a right of action in cases where none existed before. (*Fort Stanwix Bank* v. *Leggett*, 51 N. Y., 554; *Ceas* v. *Bramley*, 18 Hun, 187; *Southard* v. *Benner*, 72 N. Y., 424.)

In *Ceas* v. *Bramley* (18 Hun, 189) BOARDMAN, J., says: The statute extends the remedy of a representative. In that case we find the complaint was general for the value of the property taken by the defendant, who set up an agreement under which he claimed to be entitled to the possession of the property. The point was taken in that case that the evidence was improper under the pleadings and overruled and a recovery was upheld. (*Levin* v. *Russell*, 42 N. Y., 251.) The defendant here insists that the attention of the court should have been directed to the reasons for offering the evidence. If the evidence had not been admissible upon the issue as it stood there might be force in the suggestion. (*Knapp* v. *Simon*, 96 N. Y., 284.)

The case of *Langley* v. *Wadsworth* (99 N. Y., 61) differs from this one. There letters had been introduced to show the note to be spurious, and then defendant moved for a verdict and that was refused. Upon appeal he sought to take another and a fresh position by claiming that the letters showed a want of consideration for the note. It was held that the position was taken too late. *Thayer* v. *Marsh* (75 N. Y., 341) was a case where there was a general motion for judgment without specifying the particular defect complained of, which was raised for the first time on appeal, and the court held it was too late.

In the case before us the court fell into an error in ruling that the evidence was not competent under the pleadings. For that error a new trial should be ordered.

Judgment and order reversed and new trial ordered, with costs to abide the event.

BOARDMAN, J., concurred.

FOLLETT, J. (dissenting):

Chapter 314, Laws 1858 (3 R. S. [7th ed.], 2330), does not authorize the plaintiff to recover the gift unless it was fraudulent and void as against creditors. If, at the time of the gift, the testator retained sufficient property for the payment of his creditors the gift was valid. There is no evidence in the case that the testator was insolvent at the time of the gift, or at the date of his death, without proof of which a recovery could not be had. When the note given by the testator to the plaintiff was offered in evidence and excluded it was not suggested that the plaintiff proposed to show that the testator was insolvent; and this being the case there was no error in the ruling. As the case stands the plaintiff was not entitled to a direction for the recovery of $150, upon an apportionment of the $300, which would have become due the testator had he lived until January 1, 1885. (2 Perry on Trusts, § 556.)

The judgment should be affirmed, with costs.

Judgment and order reversed and new trial ordered, with costs to abide the event.