KENDALL v. MELLEN et al.

(*Supreme Court, General Term, First Department.* February 11, 1891.)

1. ACTION TO SET ASIDE FRAUDULENT CONVEYANCE—RIGHTS OF CREDITORS.

An action may be maintained by a creditor at large to set aside a conveyance of his debtor as fraudulent, without first making demand of the assignee under the debtor's general assignment to bring it, when it appears from the allegations of the complaint that the assignee is in collusion with the fraudulent grantee in maintaining the transfer.

2. SAME.

Laws N. Y. 1889, c. 487, amending Laws 1858, c. 314, by adding a provision that a creditor of a deceased insolvent debtor may disaffirm acts, conveyances, etc., of the debtor, in fraud of creditors, and for that purpose may maintain an action to set aside such acts, conveyances, etc., without having obtained judgment on his claim, was intended only to allow a creditor at large to sue in such cases, and does not authorize an action by such a creditor in aid of a general assignment by the debtor, without demand on the assignee to bring the action.

Appeal from special term, New York county.

Action by Maria L. Kendall against Sarah E. Mellen and others. Certain infant defendants appeal from an interlocutory judgment overruling their demurrer to the complaint. Laws N. Y. 1889, c. 487, amends Laws 1858, c. 314, by adding to it the following provision: "And any creditor of a deceased insolvent debtor, having a claim or demand against the estate of such deceased debtor exceeding in amount the sum of one hundred dollars, may, in like manner, for the benefit of himself and other creditors interested in the estate or property of such deceased debtor, disaffirm, treat as void, and resist all acts done, and conveyances, transfers, and agreements made, in fraud of the rights of any creditor or creditors, by such deceased debtor, and for that purpose may maintain any necessary action to set aside such acts, conveyances, transfers, or agreements; and, for the purpose of maintaining such action, it shall not be necessary for such creditor to have obtained a judgment upon his claim or demand, but such claim or demand, if disputed, may be proved and established upon the trial of such action.·"

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Henry Daily, Jr.*, for appellant. *George Hill*, for respondents.

VAN BRUNT, P. J. In the year 1887, Abner Mellen died seised and possessed of certain real estate, leaving him surviving his widow, a son, Abner Mellen, Jr., two married daughters, and a grandson. He left a will by which he devised all his real estate to his widow and children, share and share alike. Immediately after the death of the testator the will was admitted to probate, and letters testamentary issued. In September, 1888, the widow died intestate. In November, 1888, Abner Mellen, Jr., conveyed to his wife, through one Lawrence E. Ellis, his share in said real estate. On the 30th of Novem-

ber, after said deeds were made, Sarah E. Mellen commenced an action in this court for the partition of the real estate. In April, 1889, nearly six months after the deeds were made, Abner Mellen, Jr., made a general assignment to the defendant Gordon McKay for the benefit of his creditors, without preferences. On the 6th of March, 1890, Abner Mellen, Jr., died, leaving him surviving his widow and three infant children, who, through their guardian *ad litem*, have demurred to the complaint herein. This action was brought to set aside said deeds made before the assignment as fraudulent, the plaintiff claiming to be a creditor of Abner Mellen, Jr., and from the prayer of the complaint it appears that she intends the action to be in aid of the assignment. There is no allegation that, before the commencement of the action, she requested the assignee to commence this action to set aside these deeds, and that he refused so to do. The complaint, however, contains an allegation that the assignee, although fully acquainted with the facts, has taken no steps to set aside the deeds, and that he has been aiding and assisting the wife in her endeavors to uphold the conveyance, and that he had been in collusion with her and the assignor to prevent the creditors from collecting their claims, employing as his attorney the same person as the wife employed in her partition suit, and that the assignment was contrived as a scheme for keeping at bay the assignor's creditors, etc. To this complaint a demurrer was interposed, upon the grounds—*First*, that it appears upon the face thereof that the same does not state facts sufficient to constitute a cause of action against these defendants, viz., the three infant children of Abner Mellen, deceased; *second*, that it appears upon the face thereof that the plaintiff has no legal capacity to sue, in that she can only sue in the name of Gordon McKay as assignee for Abner Mellen, deceased, for the benefit of his creditors, and for the benefit of the assigned estate. This demurrer was overruled upon two grounds: *First*, that, it being alleged that the assignee is in collusion with the fraudulent grantee, aiding and assisting her in maintaining the transfer, and such fact being admitted, under such circumstances a creditor may maintain an action of this description without first requesting the colluding assignee to bring it; and, *secondly*, because the action was not brought until after the death of Abner Mellen, Jr., the plaintiff could maintain the same under the provisions of chapter 487 of the Laws of 1889, without previously requesting the assignee to bring it, even if it were not alleged that the latter is acting in collusion with the fraudulent grantee. The first ground upon which the learned court based its decision is undoubtedly well founded. In *Bank* v. *Leggett*, 51 N. Y. 552, it was distinctly held that, if the assignee is in complicity with the fraudulent parties, the action may be maintained by the creditor directly, and such has been the rule always in respect to persons who stood in a representative capacity. If it appears from the evidence in the case, or from the allegations in the complaint, that from the relations of the parties to the fraud there is no use asking the representative to commence the action, it may be maintained without making such demand. As to the second ground upon which the demurrer was overruled, without discussing at length the question there involved, lest by not mentioning the fact we might be deemed to have concurred in the conclusion of the learned court below, we think it does not seem to have been the intention of the legislature to have done more by the amendment of the act of 1858 than to allow a creditor at large to sue in certain cases without having obtained a judgment upon his demand. The judgment appealed from should be affirmed, with costs, and with leave to the infant defendants to answer within 20 days after notice of the entry of judgment of affirmance herein, upon payment of the costs of the appeal, and the costs of the court below. All concur.