(39 App. Div. 416.)

PERSONS et al. v. KRUGER et al.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

PARTNERSHIP—PLEADING—PARTIES.

Where, in an action against a firm, the answering defendant, after denying its existence and that he is a member, admits both facts on the trial, it is immaterial to the support of the judgment against him that the proof fails to show that he was the sole member, since it was incumbent on him, if there were others, to aver who they were.

Appeal from trial term, Erie county.

Action by Henry H. Persons and another, as receivers of the Bank of Commerce in Buffalo, against Edward E. Kruger, impleaded with others. There was a judgment for plaintiffs against defendant Kruger, and he appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

C. J. Church, for appellant.
Norris Morey, for respondents.

SPRING, J. The answering defendant, after denying that there was a firm of E H. Kruger & Co., or that he was a member of any such firm, admitted both facts upon the trial. He admitted the

execution of the power of attorney to Brown.    That bore the signature of E. H. Kruger & Co., and was executed by the defendant himself; it was under seal, and acknowledged by Kruger; and the notary, to put at rest any question of defendant's membership in said firm, certified to that fact, and that defendant acknowledged the power of attorney to be their act.    This established the co-partnership, and Kruger's connection with it; and, supplemented by the promissory note, bearing the signature of "E. H. Kruger & Co., by A. Brown, Attorney," admittedly made by Brown, and we have irrefragable proof of the due execution of the note.    The only peg upon which the defendant can hang the merest semblance of his shadowy defense is that the record fails to show any proof that he was the sole member of the firm of Kruger & Co.  He does deny that averment in the complaint; but what is its significance, as long as the existence of the firm, and his membership in it, are conceded facts?    He is liable for the debt, and could have been sued, and none of his partners, if any, served, though made parties.    In his answer he contents himself with denying the co-partnership, and his connection with it.    He does not aver that he is a member of the firm, and that others (naming them) are his co-partners.    If there was a defect of parties, he must either demur, or allege that fact in his answer, if the face of the complaint does not reveal it.    Code Civ. Proc. § 488; Haines v. Hollister, 64 N. Y. 1–4; Mitchell v. Thorne, 134 N. Y. 536, 32 N. E. 10. By omitting to do this, he assents that all the proper parties are before the court.    Code Civ. Proc. § 499; Hier v. Staples, 51 N. Y. 136; Hand v. Burrows, 15 Hun, 481; Bank v. Leggett, 51 N. Y. 552. By denying that he is the sole member, he emphasizes in his pleading the fact there are other persons belonging to the firm; and, if he desires them to be brought in, he should, in his answer, state who they are.    His failure to do this, in connection with his admission of the execution of the power of attorney and of the note, constitutes a practical concession in the proofs that he is the firm of Kruger & Co. In the present aspect of the case, it is as if he had admitted the copartnership, that he is a member of it, and that the note is that of the firm, but denied he is the only member of the co-partnership.    Of what avail is that disingenuous pleading?    He must state who the other partners are.    The knowledge is peculiarly his own.    The object of making all co-partners defendants is—Primarily, to enable the plaintiff to obtain judgment against all of them; secondly, to acquire the co-partnership assets first to be applied in the payment of the debts; and, thirdly, to permit one defendant, if he personally pays the judgment out of his own property, to obtain an assignment of the same in the event he seeks to make his joint debtors contribute. The first purpose is solely for the benefit of the plaintiff, and is of no concern to the defendant.    The other two are to the advantage of defendant, and, if he desires to reap the benefit, he must, by fairness, in his answer, put himself in the position to do so.

If the plaintiff had alleged in his complaint that there was a copartnership, of which Kruger was a member, and stopped there on that subject, and defendant had denied the existence of the firm and that he was a member of it, if the admissions and proofs were as ap

pear in the record now, he could not claim there were other co-part-
ners. It would be too late for him to do that at the trial. His time
to take advantage of that defect was in his pleading. If two co-
partners are sued, with an allegation that they compose the firm, if
the defendants content themselves with simply denying the existence
of the firm and their interest in it, and then come down to the trial
and admit there is a firm and they are both co-partners, they cannot
then, under their denial that they made up the firm, claim that the
plaintiff should prove they were the only members of it. That would
be permitting them to screen themselves behind the allegation that
there was no firm with which they were connected, and then, after
these facts were established, to avail themselves of another defense
for their benefit, which is incompatible with the defenses they have
spread upon the record. If the complaint in an action of partition
contains the allegation that certain parties are the only tenants in
common of the premises described, the defendant cannot rest upon
the denial of that averment. If within his knowledge, he must set
forth who the other parties are, if he seeks to challenge the statement.
It is more to the purpose to require it in an action against co-part-
ners, for the reason that a defending co-partner knows who his asso-
ciates are, and the defense is peculiarly for his benefit. The milk in
the cocoanut is that the defendant intended to rely upon his averment
that there was no co-partnership, and, if any, that he was not of it,
and did not desire to make the inconsistent averment that there were
other parties to the firm.

The judgment is affirmed, with costs. All concur.