### WILLS v. PENNELL.

(Supreme Court, Appellate Division, First Department. December 28, 1906.)

1. CONTRACTS—MUTUALITY.

Plaintiff contracted in writing with defendant and S., in consideration of $1,000 paid on the execution of the contract and $4,000 thereafter to be paid and a certain portion of the stock of a corporation to be formed, to transfer to such corporation certain letters patent for the manufacture and production of steel. *Held*, that the contract was not void for want of mutuality.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 24–40.]

2. PARTIES—DEFENDANTS—DEFECTS—OBJECTIONS.

If there is a defect of parties defendant, the one sued must either demur or allege the defect in his answer, if the complaint does not show the defect on its face; and by his failure to do either he assents that all the proper parties are before the court, and waives any objection thereto, as provided by Code Civ. Proc. §§ 488, 498, 499.

Appeal from Trial Term, New York County.

Action by E. Cooper Wills against John F. Pennell. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, IN-GRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Addison S. Pratt, for appellant.

Samuel G. Adams, for respondent.

HOUGHTON, J. The plaintiff entered into a written contract with the defendant, described as party of the second part, and one Swart, described as party of the third part, whereby he agreed, in considera-tion of $1,000 paid upon execution of the contract and $4,000 thereafter to be paid, and a certain portion of the capital stock of a corporation thereafter to be formed (the other portions to be transferred to de-fendant and Swart and the treasury of such corporation), to trans-fer to such corporation certain letters patent owned by him for the manufacture and production of steel. The corporation was formed, and the plaintiff performed all the conditions of the agreement incum-bent upon him. The $1,000 was alleged and admitted by answer to have been paid by defendant. The action is to recover the remaining $4,000 provided to be paid. By his answer the defendant alleged that he was induced by false representations of the plaintiff to enter into the contract; but on the trial that issue was withdrawn. Both parties moved for direction of verdict, and conceded that a question of law only was involved.

The defendant insists that the agreement is void and unenforceable because of indefiniteness and uncertainty as to who was to make the payments and because it lacks mutuality. The agreement contains mutual covenants. The defendant and Swart were to perform serv-ices respecting the organization of the corporation, and the defendant by his answer alleges that such services were performed, and at least his part of the stock transferred to him. It is plain, too, that either defendant, or defendant and Swart together, were to pay plaintiff the remaining $4,000. If the plaintiff performed his part of the contract, he was entitled to the balance of the money stipulated to be paid from one or both of the other parties to the contract. The fair presumption is that defendant was to make such payment, because the contract pro-vided that he should make the initial payment of $1,000, and his an-swer admitted that he had done so. In addition, there is proof that, upon the money being demanded of defendant, he agreed to pay if fur-ther time was given him.

But, aside from this, if there was a joint obligation on the part of himself and Swart to pay the remaining sum, he should have raised the question that there was a defect of parties defendant, in that Swart was not joined with himself, either by demurrer or by his answer. If there be a defect of parties defendant, the one sued must either demur or allege that fact in his answer, if the face of the complaint does not show the defect, and by his failure to do either he assents that all the proper parties are before the court, and waives any claim in that regard. Code Civ. Proc. §§ 488, 498, 499; Persons v. Kruger, 39 App. Div. 416, 57 N. Y. Supp. 416.

The judgment should be affirmed, with costs. All concur.